NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3305

WILLIAM B. JOLLEY,

Petitioner,

v.

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

Respondent.

William B. Jolley, of Brunswick, Georgia, pro se.

Courtney E. Sheehan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director and Brian M. Simkin, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3305

WILLIAM B. JOLLEY,

Petitioner,

v.

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in AT4324080316-I-1.

_____

DECIDED: November 18, 2008
_____

Before SCHALL, FRIEDMAN, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

William B. Jolley petitions for review of the final decision of the Merit Systems Protection Board which denied-in-part and dismissed-in-part his claim for corrective action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA").  <u>Jolley v. Dep't of Housing & Urban Dev.</u>, No. AT-4324-08-0316-I-1 (M.S.P.B. June 27, 2008).  We <u>affirm</u>.

DISCUSSION

I.

Mr. Jolley is a seventy-eight year-old preference-eligible veteran currently employed by the Department of Housing and Urban Development ("HUD"). He claims that he applied for a number of Criminal Investigator positions with HUD's Office of the Inspector General ("OIG") between 1979 and 1990. He also claims he was interested in, but did not apply for, the OIG Criminal Investigator position of Special Agent-in-Charge in HUD's Atlanta field office, listed in 2007.

Mr. Jolley filed an appeal with the Department of Labor in March 2007, claiming that his non-selection for these various Criminal Investigator positions violated USERRA. The Department of Labor referred the appeal to the U.S. Office of Special Counsel ("OSC"). OSC declined to represent Mr. Jolley, so Mr. Jolley independently appealed to the Board. In his appeal to the Board, Mr. Jolley only gave a "summary statement" contending he applied for various positions; he did not provide the Board with any documentary evidence proving he applied for specific vacancies.

On April 9, 2008, the administrative judge ("AJ") to whom Mr. Jolley's appeal was assigned dismissed the appeal as to the post-1990 positions for which Mr. Jolley did not apply. Jolley v. Dep't of Housing & Urban Dev., No. AT-3443-08-0316-I-1, slip op. at 1 (M.S.P.B. Apr. 9, 2008). The AJ later found that the "futile gesture" doctrine did not justify Mr. Jolley's failure to apply for those positions. Subsequently, on May 23, 2008, the AJ issued an initial decision in which she concluded that the Board lacked jurisdiction to the extent Mr. Jolley alleged age discrimination rather than discrimination based on military service in his non-selections. Jolley v. Dep't of Housing & Urban

Dev., No. AT-4324-08-0316-I-1 (M.S.P.B. May 23, 2008) ("Initial Decision"). Further, jurisdictional issues aside, the AJ found that Mr. Jolley had not established by preponderant evidence that his military service was a motivating factor in non-selection for the positions at issue. The AJ's initial decision became the final decision of the Board on June 27, 2008, after Mr. Jolley declined to petition the Board for review of the initial decision. This appeal followed.

II.

We have jurisdiction over Mr. Jolley's appeal pursuant to 28 U.S.C. § 1295(a)(9) (2006). As stated in 5 U.S.C. § 7703(c), we must affirm a decision of the Board unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). We review whether the Board has jurisdiction to adjudicate an appeal de novo. Prewitt v. Merit Sys. Prot. Bd., 133 F.3d 885, 886 (Fed. Cir. 1998). The petitioner bears the burden of establishing jurisdiction by preponderant evidence. Id.

III.

On appeal, Mr. Jolley argues that the Board failed to address a number of his claims. Specifically, he contends that the Board did not address HUD's failure to use 5 U.S.C. § 3312 in connection with its hiring.[1] He also challenges HUD's use of an

---

[1]    5 U.S.C. § 3312(a) (2006) provides in relevant part:

In determining qualifications of a preference eligible for examination for, appointment in, or reinstatement in the competitive service, the Office of Personnel Management or other examining agency shall waive—

assertedly improper age requirement for investigator positions; HUD's use of dual announcements to conduct hiring; and HUD's failure to allow individuals entitled to a preference under the Veterans Employment Opportunities Act, Pub. L. No. 105-339, 112 Stat. 3182 (1998) ("VEOA"), to compete for investigator positions. Further, Mr. Jolley contends that the Board should have considered the doctrine of futility when evaluating the issue of the positions for which he failed to apply.

The government argues that the Board properly determined it had no jurisdiction as to all post-1990 positions and age discrimination claims. It also argues that Mr. Jolley did not prove by preponderant evidence that his military service was a motivating factor in his non-selection for pre-1990 positions. Additionally, the government contends that the Board did not need to address any claims beyond these threshold issues. We see no error in the decision of the Board in this case. We address each of Mr. Jolley's claims in turn.

## IV.

Normally, the Board lacks jurisdiction over claims based upon a failure to hire. USERRA, however, confers Board jurisdiction when an agency "denie[s] . . . employment, reemployment, retention in employment, promotion, or any benefit of employment" because of military service. 38 U.S.C. § 4311(a) (2006). In order to establish a USERRA violation, a petitioner must show by preponderant evidence: 1) that he or she was a member of the uniformed services (this is not contested in this case); 2) that he or she was denied initial employment or a benefit of employment; and 3) that

> (1) requirements as to age, height, and weight, unless the requirement is essential to the performance of the duties of the position.

military service was a "substantial or motivating factor" in the denial. <u>Sheehan v. Dep't of Navy</u>, 240 F.3d 1009, 1013 (Fed. Cir. 2001).

As to Mr. Jolley's age discrimination claims, the Board properly found it lacked jurisdiction. USERRA only addresses whether an applicant was discriminated against because of military service; it is not a general anti-discrimination statute. In <u>Metzenbaum v. Dep't of Justice</u>, 89 M.S.P.R. 285, 291–92 (2001), the Board noted:

> [We have] held . . . that [our] authority with regard to USERRA complaints or appeals does not extend beyond the complained-of discrimination because of military status, does not allow for a decision on the merits of the underlying matter except to the extent necessary to address the appellant's military status discrimination claims, and thus does not include a review of other claims of prohibited discrimination.

Therefore, the Board cannot address other discrimination claims unless they help inform the basis for the USERRA claim. In this case, Mr. Jolley does not allege any facts linking age discrimination with the alleged discrimination based on military service. Mr. Jolley therefore brings a pure age discrimination claim, over which the Board has no jurisdiction. Thus, the Board properly dismissed for lack of jurisdiction Mr. Jolley's age discrimination claims.

Turning to Mr. Jolley's assertion that the Board did not address his claim regarding HUD's failure to use 5 U.S.C. § 3312, and his assertions regarding HUD's use of dual announcements and HUD's failure to allow VEOA preference-eligible veterans to compete for investigator positions, we agree that the Board was not required to address these claims in depth. As far as pre-1990 positions are concerned, Mr. Jolley provided no evidence he applied for any positions prior to 1990. Indeed, he acknowledged before the Board that he did not provide any documentary evidence proving he applied

for pre-1990 positions. <u>Initial Decision</u> at 8. Without such evidence, Mr. Jolley could not establish by preponderant evidence he was "denied . . . employment, reemployment, retention in employment, promotion, or any benefit of employment" because of military service. As noted by the Board, the "absence of documentary evidence" can be fatal to proving discrimination based on military service in a USERRA case. <u>Id.</u> at 8. The crux of Mr. Jolley's claims is that his non-selection for investigator positions was carried out in a discriminatory fashion. Mr. Jolley, however, has not provided evidence of one position for which he applied prior to 1990. Under these circumstances, we cannot say that the Board erred in finding that Mr. Jolley had not met his burden of proving that his military services was a motivating factor in non-selection.

Mr. Jolley admits he did not apply for any post-1990 positions. He alleges, however, that this does not foreclose his ability to show he was "denied . . . a benefit of employment," because application to the 2007 Criminal Investigator position would have been futile under <u>Teamsters v. United States</u>, 431 U.S. 324 (1977). In <u>Teamsters</u>, the Supreme Court found "a systemwide pattern and practice of racial and ethnic discrimination" in hiring. <u>Id.</u> at 336. Because of "the scope and duration of the company's discriminatory policy," the Court found there was "little doubt [as to the] futility" of seeking employment if one was a minority applicant. <u>Id.</u> at 369. In this case, Mr. Jolley has not alleged facts indicating the futility doctrine should apply. Notably, Mr. Jolley inquired into the age limit for the 2007 Supervisory Criminal Investigator position. HUD told Mr. Jolley to apply for the position, that it would look at the applicable case law to determine whether the age limit was appropriate as to Mr. Jolley, and then would "assess [the application] for all eligibility and qualification criteria." <u>Initial Decision</u> at 4.

Mr. Jolley does not allege facts that prove his application would have been futile, and the record indicates HUD's willingness to look at Mr. Jolley's submissions. We therefore agree that the futility doctrine does not apply to this case, and that it was proper for the Board to dismiss the post-1990 claims for lack of jurisdiction because Mr. Jolley had not alleged denial of employment or a benefit of employment under USERRA.

In sum, we do not find error in the Board's decision. The Board properly found a lack of jurisdiction over Mr. Jolley's age discrimination claims, as they were not linked to any claim of discrimination based on military service. For pre-1990 positions, the Board properly found that Mr. Jolley had not supplied enough evidence and therefore failed to carry his burden of proving that his military service was a motivating factor in non-selection. Finally, the Board properly considered the futility doctrine, and found it did not have jurisdiction relating to post-1990 claims. For these reasons, the final decision of the Board is affirmed.