# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM B. JOLLEY,

        Appellant,

      v.

DEPARTMENT OF JUSTICE,

        Agency.

DOCKET NUMBER
SF-4324-14-0405-I-1

DATE: August 28, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>William B. Jolley</u>, Brunswick, Georgia, pro se.

<u>German A. Gomez</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision which dismissed his Uniformed Services Employment and Reemployment Rights Act (USERRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons set forth below, we VACATE the initial decision's finding that the Board lacks jurisdiction over this appeal and DENY the appellant's request for corrective action.

¶2      The appellant has been an employee of the Department of Housing & Urban Development (HUD) since at least 2004. Besides the instant USERRA appeal, he has filed at least two others. The administrative judge denied corrective action in both cases, and the Court of Appeals for the Federal Circuit affirmed those decisions. *Jolley v. Department of Housing & Urban Development*, MSPB Docket No. AT-3443-08-0162-I-1, Initial Decision (Mar. 25, 2008), *aff'd*, 299 F. App'x 966 (Fed. Cir. Nov. 18, 2008); MSPB Docket No. AT-4324-08-0316-I-1, Initial Decision, (May 23, 2008), *aff'd*, 299 F. App'x 969 (Fed. Cir. Nov. 18, 2008).[2] While these matters were pending, officials at HUD directed the appellant's reassignment, and, in 2010, he retired, considering both actions to be involuntary. He challenged one or both by filing suit against HUD in the U.S.

---

[2] The appellant also has two constructive adverse action appeals pending against HUD in the regional office: MSPB Docket Nos. SF-0752-13-0583-I-1 and SF-0752-14-0286-I-1.

District Court for the Southern District of Georgia under the Age Discrimination in Employment Act (ADEA).[3]

¶3    In the instant appeal, which the appellant described as a complaint of reprisal under USERRA against the Department of Justice (DOJ or the agency), he challenged the directed reassignment and claimed forced retirement, alleging age discrimination in connection therewith.  Initial Appeal File (IAF), Tab 1 at 2. He argued that DOJ became responsible for the adverse actions taken against him because it provided direction and advice to HUD and did not comply with 28 C.F.R. § 50.15[4] during the ADEA litigation.  *Id.* at 3.  Specifically, the appellant claimed that DOJ's Assistant U.S. Attorney began representing HUD before a proper request for such representation was made.  *Id.* at 37.  He further argued that DOJ should be considered his "employer" under 38 U.S.C. § 4303(4)(A) because, under law, it had control over his USERRA appeals and therefore the adverse employment actions taken by HUD.  *Id.* at 15.  In addition, he alleged that reprisal for activities protected by USERRA is DOJ's responsibility because its violations affected both his USERRA appeal and his rights under the ADEA.  *Id.* at 24.

¶4    The administrative judge acknowledged the appeal, explaining that, under USERRA, the Board has jurisdiction over appeals alleging discrimination in federal employment on account of prior military service.  *Id.*, Tab 2.  The agency urged that the appeal be dismissed for lack of jurisdiction on the basis that the appellant never worked for DOJ and that DOJ never took any appealable action against him.  *Id.*, Tab 7.  The agency acknowledged that it had, in the past, defended HUD in various civil complaints filed by the appellant in U.S. District

---

[3] It appears that the appellant appealed the District Court's decision to the U.S. Court of Appeals for the Eleventh Circuit.  Initial Appeal File, Tab 1 at 13.

[4] That provision refers to the representation of federal officials and employees by DOJ attorneys or by private counsel furnished by DOJ in civil, criminal, and congressional proceedings in which federal employees are sued, subpoenad, or charged in their individual capacities.

Court as required by 28 U.S.C. § 516[5] but that such representation does not create Board jurisdiction over this appeal. *Id.*

¶5 In his initial decision, the administrative judge found, as the agency urged, that the appellant never worked for DOJ and that DOJ never took any action against him, that DOJ's defense of HUD in various civil complaints he filed against HUD does not give DOJ authority over HUD's employment relationship with the appellant or qualify DOJ as an "employer" under USERRA. *Id.*, Tab 9, Initial Decision (ID) at 4-5. As such, the administrative judge dismissed the appeal for lack of jurisdiction. ID at 1, 5.

¶6 The appellant alleges that the agency violated the nondiscrimination provision of USERRA, which provides, in relevant part, that "[a] person who . . . has performed . . . in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that . . . performance of service." 38 U.S.C. § 4311(a). However, the relative weakness of the specific factual allegations initially made by the appellant in this USERRA claim should not serve as the basis for dismissing the appeal for lack of jurisdiction; rather, if he fails to develop these allegations, his USERRA claim should be denied on the merits. *Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶ 7 (2010). Thus, in order to establish jurisdiction over his USERRA claim, the appellant need only allege that: (1) he served in the military; (2) he was denied initial employment, reemployment, retention in employment, promotion, or a benefit of employment; and (3) the denial was due to his service in the military. *Searcy*, 115 M.S.P.R. 260, ¶¶ 7-8. The Board has adopted, and the Court of Appeals for the Federal Circuit has endorsed, a "liberal approach in determining whether

[5] Under that provision, the conduct of litigation where the United States, an agency, or officer thereof, is a party or has some interest, is reserved to officers of DOJ, under the direction of the Attorney General.

jurisdiction exists under USERRA." *Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1484 (Fed. Cir. 1998).

¶7        Here, in adjudicating other of the appellant's USERRA appeals, the Board has found that he served in the military. *See Jolley v. Department of Housing & Urban Development*, MSPB Docket No. AT-4324-08-0316-I-1, Initial Decision at 3; MSPB Docket No. AT-3443-08-0162-I-1, Initial Decision at 2.  And, the appellant argues loosely that DOJ's actions had the effect of denying him a benefit of employment because of his military service.  Therefore his allegations are sufficient to establish jurisdiction under the Board's liberal pleading standard for USERRA claims. *See Beck v. Department of the Navy*, 120 M.S.P.R. 504, ¶ 9 (2014).  Under the circumstances the appellant would ordinarily be entitled to a hearing on his claim.  However, he declined a hearing.  IAF, Tab 1 at b. Therefore, he is required to prove his claim by preponderant evidence.  As set forth below, we find, based on the written record, that he failed to do so.  To the extent that the administrative judge erred in dismissing the appeal for lack of jurisdiction, any such error did not prejudice the appellant's substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶8        On petition for review, the appellant argues that his USERRA appeal is authorized because, pursuant to 38 U.S.C. § 4303(4)(A)(ii), the federal government is his employer.  Petition for Review (PFR) File, Tab 1 at 4-5.  He further argues that DOJ's failure to comply with 28 C.F.R. § 50.15 prevented the appeal of his forced retirement and was an act of reprisal for his filing the ADEA case and for prior actions he took that are protected by USERRA. *Id.* at 5-6.

¶9        In arguing that DOJ should be considered his employer for purposes of this appeal, the appellant relies on 38 U.S.C. § 4303(4)(A)(ii) which defines "employer" under 38 U.S.C. chapter 43 as including "the Federal Government." While it is no doubt true that all employees of federal agencies are employees of the federal government, the definition of "employer" also requires that the person, institution, organization, or other entity must pay salary or wages for work

performed and have control over employment opportunities. 38 U.S.C. § 4303(4)(A). The appellant has not shown that DOJ ever paid him salary for work performed. Although he asserts that DOJ had control over the conduct of his prior adjudications, he has not shown that, in representing HUD in civil actions filed by the appellant, DOJ exercised control over his personal employment opportunities at HUD. 38 U.S.C. § 4303(4)(A); *see Silva v. Department of Homeland Security*, 112 M.S.P.R. 362, ¶ 15 (2009). We find, therefore, that the appellant has failed to establish his USERRA claim and that his request for corrective action must be denied.

¶10 The appellant claims on review that the agency failed to comply with the administrative judge's acknowledgement order to submit the material listed on the enclosed schedule and any other information required by 5 C.F.R. § 1201.25, and that the administrative judge failed to "warn" the agency of its "failure to defend," as he requested. PFR File, Tab 1 at 6-7; IAF, Tab 2 at 7, 9, Tab 4. That material, in the case of a USERRA appeal, consists of a narrative response to the appeal and all material issues raised by the appellant and copies of all other documents relevant and material to the appeal. IAF, Tab 2 at 9. Contrary to the appellant's claim, the agency, in its motion to dismiss the appeal for lack of jurisdiction, did respond to his argument that it should be held responsible for certain action taken against him by HUD, including actions allegedly taken in violation of USERRA. IAF, Tab 7. The agency argued that it took no action against the appellant because of his military status and indeed no action at all. *Id.* Under the circumstances, and because the appellant has failed to identify any particular documents that the agency failed to provide, we find that he has not shown any error on the part of the agency or any abuse of discretion by the administrative judge.[6]

---

[6] In his reply to the agency's response to his petition for review, the appellant argues that the agency failed to support its position that its representation of HUD in civil actions did not create, as to him, an employer-employee relationship. PFR File, Tab 5

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

---

at 9.  However, in a USERRA appeal, it is the appellant who, after establishing the Board's jurisdiction, must develop his allegations on the merits.  *Searcy*, 115 M.S.P.R. 260 ¶ 7.  As we have found, the appellant failed to do so.

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.