NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**WILLIAM B. JOLLEY,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

_____

2014-3202

_____

Petition for review of the Merit Systems Protection Board in No. SF-4324-14-0405-I-1.

_____

Decided: February 10, 2015

_____

WILLIAM B. JOLLEY, Brunswick, GA, pro se.

JEFFREY LOWRY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by FRANKLIN E. WHITE, JR.

_____

Before REYNA, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

William B. Jolley seeks review of a final order of the Merit Systems Protection Board ("board") denying his request for corrective action based on alleged violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301–4335, by the Department of Justice. *See Jolley v. Dep't of Justice*, No. SF-4324-14-0405-I-1, 2014 MSPB LEXIS 5917 (Aug. 28, 2014) ("*Board Decision*"); *Jolley v. Dep't of Justice*, No. SF-4324-14-0405-I-1, 2014 MSPB LEXIS 2344 (Apr. 11, 2014) ("*Initial Decision*"). Because the board correctly determined that the Department of Justice was not Jolley's "employer" for purposes of USERRA, we affirm.

BACKGROUND

Jolley is a former employee of the U.S. Department of Housing and Urban Development ("HUD"). In 2008, HUD transferred him from his position in Jacksonville, Florida to a position in Boise, Idaho. J.A. 76–78. Jolley thereafter requested that he be transferred from Boise to a position "east of the Mississippi River," but HUD refused his request. On March 31, 2010, Jolley retired from his position with HUD. He alleges that his retirement was involuntary, asserting that he was forced to retire because HUD refused to grant his transfer request.

In June 2010, Jolley filed suit in the United States District Court for the Southern District of Georgia. He alleged that HUD violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34, when it forced him to retire. The district court dismissed Jolley's claim, ruling that he had failed to provide the Equal Employment Opportunity Commission with notice of his intent to sue and that his complaint failed to state a claim under the ADEA upon which relief could be granted. *Jolley v. Donovan*, No. CV 210-097, 2011 U.S. Dist. LEXIS 145412, at *3–4 (S.D. Ga. Dec. 19, 2011).

On March 12, 2014, Jolley filed an appeal with the board, alleging that the Department of Justice had violated his rights under USERRA. He asserted that although he had been working at HUD, the Department of Justice acted as his "employer" for purposes of USERRA. *See Board Decision*, 2014 MSPB LEXIS 5917, at *4. In Jolley's view, the Department of Justice became responsible for his allegedly involuntary retirement because it represented HUD in the ADEA litigation. *Id.* at *4. Jolley asserted that the Department of Justice "obtained responsibility" for his employment "by taking control of the adverse action for litigation and final decisions . . . ." *Initial Decision*, 2014 MSPB LEXIS 2344, at *4 (citations and internal quotation marks omitted).*

An administrative judge of the board dismissed Jolley's appeal. The judge held that since the Department of Justice never paid salary or wages to Jolley or exercised any control over his employment opportunities at HUD, it could not be considered his "employer" for purposes of a USERRA claim. *Id.* at *6–7. Because USERRA only authorizes actions against an "employer," the administrative judge concluded that the board was without jurisdiction to consider Jolley's appeal. *Id.* at *7.

---

*      The Department of Justice also provided legal advice to HUD in connection with two USERRA claims Jolley filed against HUD. *See Jolley v. Dep't of Hous. & Urban Dev.*, 299 F. App'x 969, 971–73 (Fed. Cir. 2008) (affirming a board decision rejecting Jolley's claim that HUD violated USERRA when it failed to select him for several criminal investigator positions); *Jolley v. Dep't of Hous. & Urban Dev.*, 299 F. App'x 966, 968 (Fed. Cir. 2008) (affirming a board decision rejecting Jolley's claim that HUD's use of "dual vacancy announcements" violated USERRA).

On August 28, 2014, the board vacated the administrative judge's initial decision, concluding that Jolley's appeal should not have been dismissed on jurisdictional grounds. *Board Decision*, 2014 MSPB LEXIS 5917, at *7–8. According to the board, Jolley satisfied the "liberal pleading standard for USERRA claims" by alleging that he served in the military and that he was denied a benefit of employment because of that service. *Id.* at *8. The board determined, however, that Jolley's USSERA claim failed on the merits. Because there was no showing that the Department of Justice ever paid Jolley wages for work performed or "exercised control over his personal employment opportunities at HUD," it could not be considered his employer for purposes of a USERRA claim. *Id.* at *10. Jolley then filed a timely appeal with this court.

DISCUSSION

Our review of a board decision is circumscribed by statute. We can set aside such a decision only if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Marino v. Office of Pers. Mgmt.*, 243 F.3d 1375, 1377 (Fed. Cir. 2001).

USERRA bars "public and private employers from discriminating against their employees on the basis of military service" and "guarantees non-career service members reemployment rights upon the completion of their military commitments." *Erickson v. U.S. Postal Serv.*, 636 F.3d 1353, 1354 (Fed. Cir. 2011); *see also Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1012 (Fed. Cir. 2001). It provides that "a member of . . . a uniformed service shall not be denied . . . any benefit of employment *by an employer* on the basis of that membership . . . ." 38 U.S.C. § 4311(a) (emphasis added). As the board correctly determined, Jolley had no right to bring a USERRA claim

against the Department of Justice because it was not his "employer." *See Board Decision*, 2014 MSPB LEXIS 5917, at *8–10.

Under USERRA, an "employer" is defined as "any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities . . . ." 38 U.S.C. § 4303(4)(A). Jolley produced no evidence that the Department of Justice paid him a salary or wages for work he performed. *See Board Decision*, 2014 MSPB LEXIS 5917, at *9. Nor was there any showing that it exercised control over his "employment opportunities," 38 U.S.C. § 4303(4)(A), at HUD. Accordingly, the Department of Justice does not meet the definition of an "employer" under USERRA.

The Department of Justice represented HUD during adjudication of the ADEA claim Jolley filed in district court. It also provided legal advice to HUD in connection with the appeals he filed against HUD with the board. The Department of Justice did not, however, become Jolley's employer by virtue of the fact that it provided HUD with legal representation and advice. *See Initial Decision*, 2014 MSPB LEXIS 2344, at *7 ("The fact that [the Department of Justice] represented HUD does [not] give it ownership of, or responsibility for, that agency's employment relationship with [Jolley]."). Contrary to Jolley's assertions, providing legal counsel to HUD did not give the Department of Justice authority to "control" his employment. *See Satterfield v. Borough of Schuylkill Haven*, 12 F. Supp. 2d 423, 438 (E.D. Pa. 1998) (concluding that individuals who had "no . . . power" over the plaintiff could not be considered his "employers" for purposes of USERRA); *Silva v. Dep't of Homeland Sec.*, 2009 M.S.P.B. 189 ¶ 15 (2009) (emphasizing that a government agency will be deemed an "employer" under USERRA only when it exerts "control" over a plaintiff's employment opportunities).

On appeal, Jolley argues that the Department of Justice violated 5 C.F.R. § 1201.25(c) by failing to properly respond to an acknowledgement order issued by the board's administrative judge. Jolley does not, however, identify any specific documents that the Department of Justice failed to produce in response to the acknowledgment order. Jolley further contends that the Department of Justice "has remained silent on the issues," and has not adequately responded to the allegations in his complaint. We disagree. Before the board, the Department of Justice responded directly to the merits of Jolley's appeal, arguing that it could not be held responsible under USERRA for any adverse actions taken against him because it had never been his employer. It explained that "it took no action against [Jolley] because of his military status and indeed [took] no action [against him] at all." *Board Decision*, 2014 MSPB LEXIS 5917, at *10.

We have considered Jolley's remaining arguments, but do not find them persuasive. Accordingly, the decision of the Merit Systems Protection Board is affirmed.

**AFFIRMED**