NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM B. JOLLEY,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,**
*Intervenor*

---

2015-3187

---

Petition for review of the Merit Systems Protection Board in Nos. SF-0752-13-0583-I-1, SF-0752-14-0286-I-1.

---

Decided: January 11, 2016

---

WILLIAM B. JOLLEY, Brunswick, GA, pro se.

MICHAEL ANTON CARNEY, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

JIMMY S. MCBIRNEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for intervenor. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before REYNA, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

William Jolley retired from his position as a Field Office Director for the Department of Housing and Urban Development in March 2010. In 2013 and 2014, Mr. Jolley filed two appeals with the Merit Systems Protection Board alleging that his retirement was involuntary and the result of agency retaliation for his veterans-related activities and whistleblower disclosures. The Board dismissed his appeals for lack of jurisdiction. We affirm in part, vacate in part, and remand.

## BACKGROUND

The Department of Housing and Urban Development employed Mr. Jolley as an Operations Specialist in Jacksonville, Florida, beginning in 2004. On February 27, 2008, the agency reassigned Mr. Jolley to the position of Field Office Director in Boise, Idaho. Mr. Jolley accepted the reassignment, but his wife did not move to Idaho with him. In August 2009, Mr. Jolley and John Meyers, the Field Office Director in Springfield, Illinois, asked that they be allowed to switch positions, but the agency responded that all field-related movements were on hold at that time. Mr. Jolley and Mr. Meyers renewed their request in February 2010 and got the same response. Mr. Jolley retired on March 31, 2010.

On June 29, 2013, Mr. Jolley filed an appeal with the Board, alleging that, in retaliation for his advocacy on veterans' issues, the agency transferred him to Idaho and

refused to allow him to relocate by switching positions with Mr. Meyers, with the result that he was effectively coerced into retiring. In a separate appeal to the Board, Mr. Jolley alleged that the agency coerced his retirement in retaliation for protected whistleblowing disclosures. The appeals were joined for adjudicatory purposes.

The administrative judge determined that Mr. Jolley did not meet his burden of establishing that his retirement was involuntary or, therefore, was actually a removal—one of the "adverse actions" over which the Board has jurisdiction under 5 U.S.C. § 7512. And, although the administrative judge indicated that the appeal was limited to § 7512 and so depended on showing involuntariness of the retirement, the administrative judge also found that Mr. Jolley simply presented "no evidence whatsoever that his reassignment was directed in retaliation for veteran-related status or actions." P.A. 21. On those grounds, the administrative judge dismissed the appeal for lack of jurisdiction.

Mr. Jolley filed a petition for review by the Board. He asserted that the Board's jurisdiction was not limited to 5 U.S.C. § 7512, which depended on his demonstration that he was "remov[ed]," but separately could rest on the Uniformed Services Employment and Reemployment Act, 38 U.S.C. § 4324(b), which did not require Mr. Jolley to show that his retirement was involuntary for the Board to have jurisdiction. The Board denied the petition and affirmed the initial decision, concluding that the administrative judge correctly determined that 5 U.S.C. § 7512 was the only basis for jurisdiction because Mr. Jolley had "styled his appeal as a forced retirement" from the outset. *Jolley v. Dep't of Hous. & Urban Dev.*, Nos. SF-0752-13-0583-I-1, SF-0752-14-0286-I-1, 2015 WL 3750717, ¶ 9 (M.S.P.B. June 16, 2015). The Board also concluded that the administrative judge should not have reached the merits of the underlying USERRA claim of retaliation for veterans-related activities. Rather, the Board determined

that the retaliation claim "could only be considered as it related to the issue of voluntariness." *Id.* ¶ 10. Because Mr. Jolley did not show how his retaliation claim related to the involuntariness of his retirement, the Board concluded that the administrative judge's consideration of the merits of Mr. Jolley's USERRA claim was harmless.

Mr. Jolley appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We review the Board's ultimate decision regarding jurisdiction without deference but are bound by the Board's jurisdictional factual findings unless the findings are not supported by substantial evidence. *Bolton v. MSPB*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

The only basis for jurisdiction that the Board considered is Mr. Jolley's assertion of involuntary retirement. A decision to resign or retire is presumed voluntary, and therefore outside the Board's jurisdiction. *Staats v. USPS*, 99 F.3d 1120, 1123–24 (Fed. Cir. 1996). But if an employee can prove that the resignation or retirement was involuntary, amounting to a "removal," 5 U.S.C. § 7512, the Board has jurisdiction over the constructive-removal action. *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001). Involuntariness as relevant here is a narrow doctrine, and it "does not apply to a case in which an employee decides to resign or retire because he does not want to accept a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave." *Staats*, 99 F.3d at 1124.

We see no basis for disturbing the Board's determination that Mr. Jolley did not show that his retirement was involuntary. The Board determined that Mr. Jolley simply "failed to show how his retaliation claim related to

the voluntariness of his decision to retire." *Jolley*, 2015 WL 3750717, ¶ 10. Mr. Jolley presents no evidence or argument to support a finding of coercion. He suggests that he was faced with choosing between retiring and being employed in Boise, but "the fact that an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make the employee's decision any less voluntary." *Staats*, 99 F.3d at 1124. And with regard to Mr. Jolley's claim that the agency coerced his retirement in retaliation for protected whistleblower disclosures, the Board found that Mr. Jolley's protected disclosures were made in 2013, almost three years after he retired (and still longer after he was reassigned). Mr. Jolley does not identify any disclosures that were made before his retirement. Therefore, he has not supported this alleged basis of involuntariness.

Although Mr. Jolley has not carried his burden in establishing that his retirement was involuntary, and therefore the Board does not have jurisdiction to hear this claim under 5 U.S.C. § 7512, the Board incorrectly concluded that Mr. Jolley presented his appeal solely as an involuntary-retirement claim. In his filings to the Board, Mr. Jolley consistently asserted that his reassignment to Boise was a USERRA violation. The Board did not address that claim.

This court, like the Board, "has adopted a liberal approach in determining whether jurisdiction exists under USERRA." *Yates v. MSPB*, 145 F.3d 1480, 1484–85 (Fed. Cir. 1998); *see also Duncan v. USPS*, 73 M.S.P.R. 86, 92 (1997), *overruled on other grounds by Fox v. USPS*, 88 M.S.P.R. 381 ("The relative weakness of the specific factual allegations initially made by an appellant in his USERRA claim . . . should not serve as the basis for dismissing [his appeal] for lack of jurisdiction; if he fails to develop those allegations, his USERRA claims should simply be denied on the merits."). Section 4311 protects "any benefit of employment," 38 U.S.C. § 4311(a), and

further states that "[a]n employer may not discriminate in employment against or take any adverse employment action against any person because such person . . . has taken an action to enforce a protection afforded any person under this chapter," § 4311(b). Here, Mr. Jolley alleges that he was denied a benefit of employment in being reassigned to Boise because he "was not allowed to choose from other available and more geographically advantageous positions available." R.A. 15. Mr. Jolley also alleges that he was reassigned based on his USERRA-related activities, specifically that he had previously filed several USERRA claims against Housing and Urban Development. Mr. Jolley's allegations are sufficient to establish the Board's jurisdiction over his USERRA reassignment claim.

The administrative judge did decide that Mr. Jolley had failed to support his USERRA claim with evidence. But the Board did not review that ruling; indeed, it criticized the administrative judge for making the ruling. That was error. We will not here review the administrative judge's merits determination ourselves. We remand the USERRA challenge to the reassignment to the Board for it to consider the merits of the claim.

Finally, we reject Mr. Jolley's argument that the Board was not entitled to enter its final decision in his case at all because, at the time of the decision, the Board was composed only of two members in violation of 5 U.S.C. § 1201, which states that the Board "is composed of 3 members." Mr. Jolley acknowledges that 5 C.F.R. § 1200.3 authorizes the Board to decide cases with only two members, and he does not dispute that the regulation covers the present situation. But he contends that the regulation violates 5 U.S.C. § 1201. We disagree. Section 1200.3 was adopted pursuant to 5 U.S.C. § 1204(h), *see* Board Organization, 59 Fed. Reg. 39,937-01 (Aug. 5, 1994), which expressly gives the Board "the authority to prescribe such regulations as may be necessary for the

performance of its functions." That statutory grant of authority literally covers the regulation allowing the continued functioning of the Board with two members when one seat is unfilled. We see no reason to find lack of legal authorization for the rule under which the Board acted. *See Falcon Trading Grp., Ltd. v. SEC*, 102 F.3d 579, 582 (D.C. Cir. 1996); *LaPeyre v. FTC*, 366 F.2d 117, 122 (5th Cir. 1966).

CONCLUSION

For the foregoing reasons, we affirm the Board's judgment that the Board does not have jurisdiction over Mr. Jolley's involuntary-retirement claim, vacate the Board's judgment that Mr. Jolley did not establish jurisdiction over his reassignment claim, and remand.

No costs awarded.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**