# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLIAM B. JOLLEY, | DOCKET NUMBERS |
|      Appellant, | SF-0752-13-0583-M-1 |
| | SF-0752-14-0286-M-1 |
|     v. | |
| DEPARTMENT OF HOUSING AND | |
|   URBAN DEVELOPMENT, | DATE: May 20, 2022 |
|      Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>William B. Jolley</u>, Brunswick, Georgia, pro se.

<u>Jo Ann Riggs</u>, Seattle, Washington, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1     The U.S. Court of Appeals for the Federal Circuit has remanded this case to the Board for further adjudication. *Jolley v. Merit Systems Protection Board and Department of Housing & Urban Development*, 636 F. App'x 567, 570 (Fed. Cir. 2016). The court affirmed the Board's decision in part, but vacated it in part,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

finding that the Board failed to properly address the appellant's claim that the agency's action in directing his reassignment in 2008 was a violation of his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). *Id.* at 6. Upon further review, we find that the appellant has not established his claim that the agency violated his USERRA rights in this regard and we therefore deny his request for corrective action.

## BACKGROUND

¶2       In 2008, the agency directed the appellant's reassignment from his nonsupervisory GS-15 Operations Specialist position in Jacksonville, Florida to a supervisory GS-15 Field Office Director position in Boise, Idaho. *Jolley v. Department of Housing & Urban Development*, MSPB Docket No. SF-0752-13-0583-I-1, Initial Appeal File (IAF), Tab 10 at 12, Tab 11 at 165. The agency similarly directed the reassignments of several other nonsupervisory GS-15s to supervisory positions in other geographical locations as part of its effort to promote greater efficiency and better utilize human capital resources. The appellant, who is a preference eligible, IAF, Tab 11 at 134, accepted the reassignment but elected not to relocate his family. IAF, Tab 10 at 4. According to the appellant, he sought different assignments so that he would be closer to home, *id.* at 5, and, for the same reason, also asked to be allowed to "swap" positions with a coworker, *id.* at 5-6, but was unsuccessful. *Id.* at 6. In 2010, he retired. IAF, Tab 11 at 134. He claimed that he felt compelled to do so in order "to be closer to family and personal interests." IAF, Tabs 5, 9-10.

¶3       On appeal, the appellant challenged his retirement as involuntary and argued, inter alia, that the action was in violation of 38 U.S.C. §§ 4311(a) and (b). Specifically, he alleged that the agency was aware that he was a veteran and that he had filed prior USERRRA appeals[2] and had assisted other employees in

---

[2] Of the several USERRA appeals the appellant has filed, none were resolved in his favor. *See, e.g.*, *Jolley v. Department of Justice*, MSPB Docket No. SF-4324-14-0405-

their appeals and otherwise advocated for the rights of veterans. IAF, Tab 13. The administrative judge issued a Notice of USERRA Proof Requirements,[3] setting forth the elements of proving a claim of retaliation for the performance of uniformed service or the enforcing of a protection afforded under 38 U.S.C. chapter 43, testifying in such a proceeding, assisting or participating in such an investigation, or exercising such a right.[4] IAF, Tab 16.

¶4      After reviewing the parties' written submissions, the administrative judge issued an initial decision that dismissed the appeals for lack of jurisdiction. IAF, Tab 36, Initial Decision (ID) at 3, 12. He found no evidence that the appellant's directed reassignment and the agency's decisions not to transfer him or agree to his suggested position "swap" were in any way motivated by a desire to coerce his retirement, that the appellant had a choice to continue working in Boise or to retire, and that the fact that he did not desire to do either did not render his decision to retire involuntary. ID at 8-9. Finally, the administrative judge found that the appellant's discrimination and retaliation claims did not support a finding that his retirement was involuntary. ID at 9-12. The Board denied the appellant's petition for review of that decision. *Jolley v. Department of Housing & Urban*

---

I-1, Final Order (Aug. 28, 2014), *aff'd*, 602 F. App'x 805 (Fed. Cir. 2015); *Jolley v. Department of Housing & Urban Development*, MSPB Docket No. AT-3443-08-0162-I-1, Initial Decision (Mar. 25, 2008), *aff'd*, 299 F. App'x 966 (Fed. Cir. 2008); *Jolley v. Department of Housing & Urban Development*, MSPB Docket No. AT-4324-08-0316-I-1, Initial Decision (May 23, 2008), *aff'd*, 299 F. App'x 969 (Fed. Cir. 2008).

[3] The appellant declined a hearing. IAF, Tab 1 at 2.

[4] While that appeal was pending, the appellant filed another appeal, again arguing that his retirement was involuntary, this time claiming that it was in retaliation for his protected whistleblowing disclosures. *Jolley v. Department of Housing & Urban Development*, MSPB Docket No. SF-0752-14-0286-W-1, Initial Appeal File (0286 IAF), Tab 1. The appellant alleged that he disclosed a violation of law, rule, or regulation, and gross mismanagement by the agency in connection with his directed reassignment, and various irregularities in the Department of Justice's Assistant U.S. Attorney's representation of the agency in separate litigation. *Id.* at 5, 7-10. Again, the appellant specifically declined a hearing. *Id.* at 2. The administrative judge joined the two appeals for adjudication. 0286 IAF, Tab 16, Initial Decision at 1 n.1.

*Development*, MSPB Docket Nos. SF-0752-13-0583-I-1, SF-0752-14-0286-I-1, Final Order at 2 (June 16, 2015).

¶5          On appeal of the Board's decision, the court found no basis to disturb the Board's determination that the appellant did not show that his retirement was involuntary.  *Jolley*, 636 F. App'x at 569.  The court also did not disturb the Board's finding that the appellant failed to support, as an alleged basis for involuntariness, his claim that the agency coerced his retirement in retaliation for protected whistleblower disclosures.[5]  *Id.*  The court found, however, that the Board incorrectly concluded that the appellant presented his appeal solely as an involuntary retirement claim, and that it failed to address his assertion that his reassignment to Boise was a USERRA violation.  *Id.*  The court considered the appellant's allegations that he was denied a benefit of employment in being reassigned to Boise because "he was not allowed to choose from other available and more geographically advantageous positions" and that he was reassigned based on his USERRA-related activities, specifically his having previously filed several USERRA claims against the agency.  *Id.* at 570.  Finding the appellant's allegations sufficient to establish the Board's jurisdiction over his USERRA reassignment claim, *id.*, the court remanded this case to the Board for consideration of the merits of the appellant's USERRA challenge to his directed reassignment.

## ANALYSIS

¶6          Title 38 U.S.C. § 4311(a) provides that:

> [a] person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership,

[5] Neither of these matters is implicated in the court's remand order.

performance of service, application for service, or obligation [to perform service].

¶7 Title 38 U.S.C. § 4311(b) provides that:

An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter. . . .

¶8 To prevail on the merits of a USERRA claim under 38 U.S.C. § 4311(a), an appellant must prove by preponderant evidence that his uniformed service was a substantial or motivating factor in the agency's action, unless the agency can show that it would have taken the same action for a valid reason without regard to his uniformed service. 38 U.S.C. § 4311(c); *McMillan v. Department of Justice*, 120 M.S.P.R. 1, ¶ 19 (2013). To prevail on the merits of a USERRA claim under 38 U.S.C. § 4311(b), an appellant must prove by preponderant evidence that his protected activity was a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of the appellant's protected activity. 38 U.S.C. § 4311(c)(2); *Burroughs v. Department of the Army*, 120 M.S.P.R. 392, ¶ 7 (2013).

¶9 An employee's military service is a motivating factor for an adverse employment action if the employer "relied on, took into account, considered, or conditioned its decision" on that service. *McMillan*, 120 M.S.P.R. 1, ¶ 20. The factual question of discriminatory motivation or intent may be proven by either direct or circumstantial evidence. *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001). Discriminatory motivation under USERRA "may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility toward members protected by the statute

together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees. . . ." *Id.* In determining whether the employee has proven that his protected status was part of the agency's motivation for the agency's conduct, all record evidence may be considered, including the agency's explanation for the actions taken. *Id.* Because the "motivating factor" language is identical in both statutory subsections, *Burroughs*, 120 M.S.P.R. 392, ¶ 7, it is appropriate to apply the language in the same fashion to the appellant's claims regarding his protected activity under 38 U.S.C. § 4311(b).

¶10      We first examine the appellant's claim that he was denied a benefit of employment under 38 U.S.C. § 4311(a) when he was reassigned to Boise because he was not allowed to choose from other available and more geographically advantageous positions that were available. We construe this claim to also include the appellant's assertions that he was not selected for other positions after his reassignment and that the agency denied his request for a "swap" of positions. The evidence of record clearly reflects that the appellant is a preference eligible, IAF, Tab 11 at 134, and the agency has not challenged his claim that he served in the U.S. Air Force from 1950 to 1954. IAF, Tab 1 at 8.

¶11      Regarding the appellant's directed reassignment and the related actions, he has not produced any direct evidence that the agency was motivated by or intended to discriminate against him because of his military service. As to circumstantial evidence, there are decades between the appellant's military service and the actions of which he complains and therefore no proximity. Nor has the appellant submitted evidence reflecting any expressed hostility by agency officials toward those with military service. He acknowledges that other nonsupervisory employees also received directed reassignments when he did, and, although he suggests that theirs were not so personally onerous, IAF, Tab 20 at 8-9, he has not indicated whether any of those individuals had military service. *Id.* The appellant alleges that, following his directed reassignment, he applied for

other positions but was not selected, IAF, Tab 5 at 5, Tab 10 at 5, Tab 20 at 8, but he has submitted no evidence supporting his claim or otherwise demonstrating that the reason he was not selected was his military service. As to the appellant's assertion that the agency denied his request to "swap" positions, he has shown that he and another Field Office Director who was located in Springfield, Illinois, first proposed the "swap" to management in August 2009, and the appellant alleges that the Deputy Director and the two Regional Directors affected approved the request. IAF, Tab 20 at 11. However, the agency submitted evidence that the Assistant Deputy Secretary notified the appellant on August 28, 2009, that the matter was "on hold" and that the Deputy was putting all field-related movements on hold until "the broader transformation initiative is determined." IAF, Tab 11 at 148. The agency also submitted evidence that the Acting Assistant Deputy Secretary notified the appellant in February 2010, that she had discussed the matter with the Deputy Secretary and the Secretary who both indicated a desire to make no permanent moves until they decided how the Office of Field and Policy Management "will fare in the Transformation initiative." *Id.* at 140-41, 145-57. Even if we were to find that the appellant has shown that the agency in fact denied his request for a job "swap" (he retired on March 31, 2010), he has not shown that the reason for the denial was his military service. In sum, as to the appellant's directed reassignment and his claims that he was not thereafter selected for other positions and that the agency denied his request for a job "swap," we find that he has not proven by preponderant evidence that his military service was a motivating factor in those actions.

¶12     We now examine the appellant's claim that, by these same actions, the agency violated his rights under 38 U.S.C. § 4311(b). We already have found, and the agency does not dispute, that the appellant has filed several USERRA appeals. IAF, Tab 9 at 7-8, Tab 11 at 10. The appellant also alleges that he exhibited activism as to veterans' issues and assisted other employees in their appeals, IAF, Tab 1 at 2, Tab 5 at 5, Tab 9 at 15, Tab 10 at 6, Tab 11 at 16-17,

and that "it is likely" that his activities in that regard were known to agency management.  IAF, Tab 13 at 17.  Notwithstanding, the appellant has not provided any evidence in support of this part of his claimed protected activity.  *Burroughs*, 120 M.S.P.R. 392, ¶ 6.

¶13        Neither has the appellant produced any direct evidence that, regarding his directed reassignment and related actions, the agency was motivated to or intended to discriminate against him because of his prior USERRA appeals and related activity.  As to circumstantial evidence, at least some of the appeals he filed were in close proximity to the timing of the actions of which the appellant complains.  However, he has submitted no evidence reflecting hostility by agency officials toward him because of his prior USERRA activity.  We already have addressed, and found unsupported by the record evidence, the appellant's claims that other employees received more favorable directed reassignments than did he, that he was not selected for other positions, and that the agency denied his request to "swap" positions.  As we found that, as to these actions, the appellant failed to demonstrate that the agency was motivated to or intended to discriminate against him because of his military service, we similarly find that he has not demonstrated that the agency was motivated to or intended to retaliate against him for his protected activity.  *Burroughs*, 120 M.S.P.R. 392, ¶ 6.

¶14        We conclude, therefore, that on the record presented, the appellant has not proven by preponderant evidence that the agency, by its actions, violated his rights under 38 U.S.C. § 4311(a) or (b).  *Sheehan*, 240 F.3d at 1015.  Therefore his request for corrective action is denied.

**NOTICE OF APPEAL RIGHTS[6]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                  /s/ for
_____
                                                Jennifer Everling
                                                Acting Clerk of the Board
Washington, D.C.