NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3314

WINFRED B. ABRAMS,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Winfred B. Abrams, of Memphis, Tennessee, pro se.

Steven J. Abelson, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Gregory G. Katasas, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.  Of counsel on the brief was Alan E. Foster, Staff Attorney, Nashville Regional Office, United States Department of Veterans Affairs, of Nashville, Tennessee.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3314

WINFRED B. ABRAMS,

Petitioner,

v.

DEPARTMENT OF VETERAN AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752080051-I-1.

_____

DECIDED:  January 12, 2009

_____

Before LOURIE, BRYSON, and GAJARSA, Circuit Judges.

PER CURIAM.

### DECISION

Winfred Abrams appeals from the decision of the Merit Systems Protection Board ("Board") affirming the decision of the Veterans Administration ("VA" or "Agency") removing him from his position as a kinesiotherapist.  Abrams v. Dep't of Veterans Affairs, AT-0752-08-0051-I-1 (M.S.P.B. Feb. 15, 2008).  Because the Board's decision was in accordance with law and supported by substantial evidence, we affirm.

BACKGROUND

Abrams worked as a kinesiotherapist at the VA Medical Center in Memphis, TN. As a kinesiotherapist, Abrams prescribed and oversaw exercise treatments for veterans. On October 5, 2007, the Agency removed Abrams from his position on charges that he had engaged in a prohibited relationship with a patient and had committed patient abuse.

The charges stemmed from Abrams' relationship with Felicia Dukes, one of Abrams' patients. According to Dukes, she and Abrams had a five-year sexual relationship during the time that Dukes was being treated by Abrams. Sometime in 2006 Dukes contacted Abrams' supervisors and the VA police, alleging that Abrams had begun harassing her because of the breakup of their relationship. In October 2006, Dukes requested, and was assigned, a new therapist.

Abrams admitted that he and Dukes had a personal relationship, but denied that the relationship was of a sexual nature. Abrams claims that his and Dukes' relationship was limited to periodic kinesiotherapy group dinners, talking on the phone, accepting meals from her at his workplace, and occasionally attending church together. Abrams stated that his relationship with Dukes ended in October 2006 when he was instructed by his employer as well as the VA police to cease contact with Dukes.

After the Agency removed him in October 2007, Abrams appealed the decision to the Board. In an initial decision dated February 15, 2008, an administrative judge affirmed the Agency's removal decision. The AJ found that Abrams and Dukes had engaged in a sexual relationship. That conclusion was based primarily on witness credibility determinations; the AJ found Dukes' testimony to be more persuasive than

Abrams'. Thus, the AJ found that because Abrams engaged in a prohibited sexual relationship, the Agency's removal decision was appropriate. However, the AJ did not sustain the Agency's alternative ground for removal: patient abuse. The AJ found insufficient evidence to support the Agency's charge that Abrams had harassed Dukes.

Thus, although only one of the Agency's charges against Abrams was sustained, the AJ upheld the decision to remove Abrams. The AJ upheld the Agency's removal decision based upon Abrams' behavior, his lack of potential for rehabilitation, and his past disciplinary record. The Board denied Abrams' petition for review; thus, the AJ's decision became final.

Abrams timely appealed the Board's denial. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). This court reviews rulings on evidentiary matters under an abuse of discretion standard. Banknote Corp. of Am., Inc. v. United States, 365 F.3d 1345, 1358 (Fed. Cir. 2004).

On appeal, Abrams resumes his claims that he never engaged in a sexual relationship with Dukes and that the AJ's decision was based entirely on "she said

testimony." He further argues that he should be reinstated because the VA did not respond to his requests for VA policies regarding prohibited socialization with patients.

In response, the government contends that the evidence established that Dukes and Abrams had a sexual relationship and that such relationships were prohibited by the VA. Furthermore, the government argues that the AJ is given wide discretion regarding discovery requests and there is no evidence that that discretion was abused in this case.

We agree with the government. This case hinges on the conflicting testimony of Dukes and Abrams. The former claimed that the pair engaged in a five-year affair that ended only after police and the VA intervened. The latter claimed that the relationship was strictly platonic. The AJ found Dukes' testimony to be "more persuasive" than Abrams'. This court will not overturn credibility determinations unless the testimony was "inherently improbable or discredited by undisputed evidence or physical facts." Hanratty v. Dep't of Transp., 819 F.2d 286, 288 (Fed. Cir. 1987) (citation omitted). Abrams has not pointed to anything in Dukes' testimony that has been discredited or is inherently improbable. Thus, due to our deferential standard of review of credibility determinations, we must uphold the AJ's finding that Dukes and Abrams engaged in a sexual relationship.

Abrams' argument that the AJ erred by refusing to grant his discovery request is similarly flawed. Abrams has not shown that the failure of the AJ to grant his discovery request was prejudicial to him. In fact, his discovery request only sought information as to the VA's policy regarding social relations with patients. In this case, it has already been established by the AJ that Abrams' relationship with Dukes was not of merely a

"social" nature; thus, the request for such a policy was irrelevant.  <u>See</u> <u>Curtin v. Office of Pers. Mgmt.</u>, 846 F.2d 1373 (Fed. Cir. 1988) (finding that an AJ may exclude irrelevant evidence).  It was uncontested at the AJ's hearing that sexual relationships with patients were prohibited by the VA.  Therefore, Abrams' discovery request was properly denied by the AJ.

Accordingly, we <u>affirm</u> the Board's decision.

COSTS

<u>No costs</u>.