NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**JAMIE B. SWIDECKI,**
*Petitioner,*

**v.**

**DEPARTMENT OF COMMERCE,**
*Respondent.*

---

2011-3049

---

Petition for review of the Merit Systems Protection Board in case no. SF4324090759-B-1.

---

Decided: June 10, 2011

---

JAMIE B. SWIDECKI, Bakersfield, California, pro se.

JESSICA R. TOPLIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director. Of counsel on the brief was FRANK M. WALSH, Agency Representative, Employment and Labor

Law Division, United States Department of Commerce, of Washington, DC.

_____

Before BRYSON, DYK, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Jamie B. Swidecki ("Swidecki") petitions for review of a decision by the Merit Systems Protection Board ("Board"). The Board found that Swidecki failed to prove that, under the Uniformed Service Employment and Reemployment Act of 1994, 38 U.S.C. § 4311 ("USERRA"), the Department of Commerce ("Commerce") discriminated against him on the basis of his prior military service when it denied him employment. *Swidecki v. Dep't of Commerce*, SF-4324-09-0759-B-1 slip op. at 7–8 (M.S.P.B May 3, 2010). We *affirm*.

## BACKGROUND

Swidecki is a preference eligible veteran, with a 30% disability rating, who previously worked for Commerce as a temporary employee of the United States Census Bureau ("Census Bureau") during the 1990 and 2000 censuses. In August 2008, Swidecki applied for a position with the Census Bureau for the 2010 census in Fresno or Santa Monica, California. The Census Bureau requires that all applicants undergo a background check, which includes cross-referencing applicants' names against Federal Bureau of Investigation ("FBI") criminal records. Swidecki's name matched records in the FBI database, and Commerce sent him a letter on August 11, 2008, advising him to either dispute the identity of the arrest record or provide documentation on the arrests. The letter also advised Swidecki that "[f]or your application to remain active, you must return all documents within 30 days." Respondent's App. 33. Swidecki did not send his

arrest documentation to Commerce until six months later in February 2009. On June 10, 2009, Commerce informed Swidecki that he was no longer being considered for employment because he had not provided his arrest information within 30 days.

On July 2, 2009, Swidecki filed an appeal with the Board under USERRA, alleging that he was denied employment with the Census Bureau because of his military service. Initially, the administrative judge dismissed the appeal for lack of jurisdiction, but the full Board reversed and remanded for a hearing. On remand, the administrative judge held a telephonic hearing and determined that Swidecki had failed to prove (as required by USERRA) that his military service was a motivating factor in Commerce's decision not to employ him. Swidecki filed a petition for full Board review of the initial decision. In rejecting Swidecki's appeal, the full Board issued an order that further rejected Swidecki's claims that the administrative judge erred by holding a telephonic conference and failing to consider his argument that Commerce violated the Americans with Disabilities Act.[1] Swidecki timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is narrow. We may reverse the Board only if its decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; [or] (3) unsupported by substantial evidence." *Jacobs v. Dep't of Justice*, 35 F.3d 1543, 1545 (Fed. Cir. 1994).

---

[1]  Swidecki does not raise the Americans with Disabilities Act claim on this appeal.

Under USERRA, "[a] person who . . . has performed . . . in a uniformed service shall not be denied initial employment . . . on the basis of that . . . performance of service." 38 U.S.C. § 4311(a). However, the petitioner must prove the performance of military service was "a motivating factor in the employer's action." *Id.* § 4311(c).[2] We see no error in the Board's conclusion that Swidecki failed to prove that his military service was a motivating factor in Commerce's hiring decision. Here, Swidecki was alerted months before the hiring decision that he would not be considered for employment if he failed to respond to Commerce's request for information about his arrest record. The Census Bureau personnel in charge of Swidecki's background check only had access to his name, social security number, date of birth, and gender. They did not have access to Swidecki's military records or preference eligible status. Based on this unrebutted evidence, the Board found that the personnel who performed the background check and requested that Swidecki provide additional materials "had no way of knowing whether [Swidecki] . . . had past uniformed service." *Swidecki,* slip op. at 5. Moreover, in response to Swidecki's claim that Commerce does not hire 10-point preference eligible veterans with higher than a 30% disability rating, the Board found that Commerce had hired preference eligible veterans in Fresno and Santa Monica as well as "numerous veterans" (including 10-point, 30% veterans) "throughout the Los Angeles Region." *Id.* at 6. Substantial evidence supports the Board's conclusion that Swidecki failed to prove his

---

[2]   If the petitioner meets this burden, the agency may "prove that the action would have been taken in the absence of" military status. *Id.* Because it held that Swidecki failed to meet his burden, the Board did not reach this question.

veteran status was a motivating factor in Commerce's decision.

Swidecki also argues that he was denied an in-person hearing in violation of due process. Swidecki does not claim that he objected to the telephonic hearing at the time or that the lack of an in-person hearing somehow affected his substantive rights. We see no error in the administrative judge's decision to hold a telephonic hearing. Swidecki also alleges that Commerce's attorney representative at the telephonic hearing assassinated his character by discussing his arrest record. Even if we could grant relief on such a claim, Swidecki has not explained why it was inappropriate to discuss his arrest record when it was relevant to the case.

Lastly, Swidecki asserts that Commerce refused to hire him in retaliation for his participation in a lawsuit against the Census Bureau. However, as the Board noted, Swidecki only filed a claim under USERRA, and the Board does not have jurisdiction under USERRA to adjudicate claims unrelated to discrimination against a petitioner based on military status. *See Jolley v. Dep't of Hous. and Urban Dev.*, 299 Fed. Appx. 969, 972 (Fed. Cir. 2008); *Metzenbaum v. Dep't of Justice*, 89 M.S.P.R. 285 (2001) (holding, after a remand from the Federal Circuit to decide the issue, that USERRA does not provide Board jurisdiction over other claims of discrimination even where the case as a whole would otherwise constitute a "mixed case" within the Board's jurisdiction).

## AFFIRMED

### COSTS

No costs.