NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANGELA D. MCCURRY,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

---

2014-3214

---

Petition for review of the Merit Systems Protection Board in No. AT-4324-13-0506-I-1.

---

Decided: May 15, 2015

---

ANGELA D. MCCURRY, Stockton, AL, pro se.

MELISSA BAKER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before NEWMAN, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

Angela D. McCurry ("McCurry") appeals the decision of the Merit System Protection Board ("Board") denying her request for corrective action against the Office of the Solicitor General ("OSG") for discrimination in violation of the Uniformed Services Employment and Reemployments Rights Act of 1994, Pub. L. No. 103-353, 108 Stat. 3149 ("USERRA") (codified at 38 U.S.C. §§ 4301–33). Because we find that the Administrative Judge ("AJ") did not fail to timely apprise McCurry of her burden of proof and did not err by declining to exercise jurisdiction over her non-USERRA claims, we *affirm*.

## BACKGROUND

McCurry is a veteran of the United States Naval Reserve, receiving an honorable discharge from service on July 13, 1996. She also has a Juris Doctor degree from Thomas M. Cooley Law School, though she is not licensed to practice law. McCurry applied for a position as a paralegal specialist with OSG under four vacancy announcements, and was one of four applicants selected to interview for the position. The agency chose not to select any of the four interviewees for the position, and instead re-advertised the position under a different announcement number. McCurry did not re-apply for the position once it was re-advertised.

McCurry filed a complaint challenging OSG's decision on August 15, 2011. In February 2013, the Office of Special Counsel ("OSC") informed McCurry that it intended to take no action on her complaint and proceeded to close the file. On April 24, 2013, McCurry filed the appeal with the Board which is at issue here. McCurry alleged that the OSG's decision not to select her for the paralegal specialist position constituted discrimination in violation of USERRA because the agency improperly considered her status as a veteran in its selection process. McCurry also alleged that the agency committed prohibit-

ed personnel actions by discriminating against her on the basis of her race and age, by passing over an applicant with veteran status without providing proper notice, and by failing to inform her in the notice of non-selection that no one was selected for the paralegal specialist position.

In response to her allegations, the AJ issued an initial order finding that the appellant had made nonfrivolous allegations of jurisdiction. The AJ conducted a telephonic prehearing conference on February 20, 2014, during which the AJ instructed McCurry of her burden of proof under USERRA and *Sheehan v. Department of Navy*, 240 F.3d 1009 (Fed. Cir. 2001), and explained to McCurry that the Board did not have jurisdiction over her claims of discrimination that were unrelated to her veteran status. Finally, the AJ asked the parties to outline the evidence and witnesses they intended to offer at the hearing the AJ scheduled to address McCurry's USERRA claims. These notices were confirmed in a February 21, 2014 order summarizing the February 20 conference. The AJ then held a video-teleconference hearing on February 25. At the hearing, the parties were permitted to introduce evidence, testify, and question witnesses.

The AJ issued an initial decision on March 4, 2014, denying McCurry's request for corrective action under USERRA. *McCurry v. Dep't of Justice*, No. AT-4324-13-0506-I-1, 2014 M.S.P.B. LEXIS 1302 (March 4, 2014) ("Initial Decision"). The AJ detailed the testimony of Candy Lubin, Supervisor of the Research and Publications Unit at OSC and a member of the panel who interviewed the applicants, and William Dziwura, Acting Executive Director at OSC during the time of the application process. *Id.* at *5–15. Lubin and Dziwura testified that McCurry's veteran status played no role in the selection process, and that the agency decided to cancel and relist the paralegal specialist vacancy announcement because the Principal Deputy Solicitor General decided to seek more qualified applicants from a larger applicant

pool.  *Id.* at *6–8.  The AJ found the testimony of Lubin and Dziwura to be "exceedingly credible," *id.* at *14, and, in light of McCurry's "evasiveness" and "nonresponsive answers," the AJ "seriously question[ed] [McCurry's] credibility."  *Id.* at *11.  The AJ concluded that neither a "test" given to McCurry during her interview, a sentence in an email from Dziwura to supervisors referring to McCurry as the "Vet," nor the content of her non-selection notice sufficiently evidenced "that the agency harbored hostility or animosity towards veterans in general or the appellant's status as a veteran in particular."  *Id.* at *15.

McCurry filed a timely petition for review of the Initial Decision with the Board.  *McCurry v. Dep't of Justice*, 121 M.S.P.R. 383, at *5 (July 23, 2014) ("Final Decision"). McCurry argued that the AJ prejudiced her by failing to: (1) provide information regarding her burden of proof under USERRA until the February 20, 2014 telephone conference, (2) find discriminatory animus in the Dziwura email, and (3) correctly accept her proffered evidence.  *Id.* at *6.  The Board first concluded that the AJ properly informed the parties of their burdens under USERRA at the telephone conference, and provided the parties with the opportunity to submit evidence and argument prior to the close of the record.  *Id.* at *7–8.  The Board then agreed with the AJ that the Dziwura email, when read in context, identified McCurry's veteran status merely to show that the appropriate consideration would be given to her entitlement to a veterans preference.  *Id.* at *9.  The Board further determined that McCurry failed to submit any other evidence demonstrating that she met her initial burden of proof under USERRA and *Sheehan*.  *Id.* at *9–11.  Finally, the Board concluded that the AJ did not abuse his discretion in failing to allow evidence that, according to McCurry, was not mentioned in a February 21 summary of the February 20 prehearing conference. *Id.* at *11–12.  The Board thus denied the petition for review and affirmed the Initial Decision.

McCurry filed a timely notice of appeal with this Court on September 22, 2014, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

ANALYSIS

Our review of the Board's decisions is limited by statute.  5 U.S.C. § 7703(c).  We only set aside the Board's actions, findings, or conclusions that are:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

> (2) obtained without procedures required by law, rule, or regulation having been followed; or

> (3) unsupported by substantial evidence . . . .

*Id.*  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *McLaughlin v. Office of Pers. Mgmt.*, 353 F.3d 1363, 1369 (Fed. Cir. 2004) (citation and internal quotation marks omitted).

On appeal, McCurry alleges that the AJ erred by failing to provide her with a sufficient opportunity to submit evidence and argument in support of her USERRA claim. Although McCurry concedes that the AJ informed the parties of their respective burdens during the February 20 telephone conference and reiterated those burdens in the February 21 order, she argues that the AJ failed to "proffer[] [any] evidence or facts from the record to support and demonstrate how the administrative judge provided the petitioner with an opportunity to submit evidence and argument . . . ."  Appellant Br. at 12.  In particular, McCurry argues that, as of February 21, the applicable discovery deadlines for submission of evidence and argument had passed, making the February 21 order "of no effect."  *Id.* at 13.  McCurry also alleges that the four days between the date of the February 21 order and the February 25 hearing did not comply with the requirements of 5

C.F.R. § 1201.51 (2014). McCurry further claims that the Board erred by concluding that it lacked jurisdiction over her prohibited personnel practices (i.e., non-USERRA) claims, arguing that 5 U.S.C. §§ 1214(a)(3), 1221(a) justify the Board's jurisdiction. And, finally, McCurry contends that the Board erred by not addressing all allegations made in her petition for review.

The government, in response, first notes that McCurry does not challenge the Board's substantive determinations, merely raising procedural arguments. Regarding McCurry's claim that the AJ failed to provide sufficient opportunity to submit evidence, the government argues that none of the evidence McCurry submitted as of the February 25 hearing was rejected as untimely—the AJ only rejected (as untimely) evidence McCurry attempted to enter after the record had been closed. The government also claims that McCurry has failed to demonstrate that she was prejudiced by the timing of the February 20 instructions. The government next argues that the Board complied with 5 C.F.R. § 1201.51, which sets the minimum number of days between the date of the petitioner's receipt of a hearing notice and the eventual hearing, not the number of days between receipt of USERRA instructions and the hearing. The government also asserts that the AJ performed a thorough evaluation of the evidence and the Board considered all relevant objections. Finally, the government claims that neither 5 U.S.C. § 1214(a)(3) nor 5 U.S.C. § 1221(a) would justify the Board's jurisdiction over McCurry's non-USERRA claims.

We agree with Board's disposition of McCurry's claims. USERRA creates a burden-shifting framework for demonstrating that an employer discriminates on the basis of military service. *Sheehan*, 240 F.3d at 1012. Under this framework:

The procedures established by precedent require an employee making a USERRA claim of discrim-

ination to bear the initial burden of showing by a preponderance of the evidence that the employee's military service was "a substantial or motivating factor" in the adverse employment action. . . . If this requirement is met, the employer then has the opportunity to come forward with evidence to show, by a preponderance of the evidence, that the employer would have taken the adverse action anyway, for a valid reason.

*Id.* at 1013 (internal citations omitted). Within this framework, the Board has determined that:

an administrative judge must inform an appellant who files a USERRA petition for remedial action, or raises a violation of USERRA as an affirmative defense, of the USERRA burden and methods of proof identified in *Sheehan*, and must provide the parties with an opportunity to submit evidence and argument to meet the USERRA burden and methods of proof.

*Matz v. Dep't of Veterans Affairs*, 91 M.S.P.R. 265, ¶ 9 (2002).

McCurry does not dispute that the AJ provided the parties with instructions regarding the "burden and methods of proof identified in *Sheehan*." *Id.* McCurry instead argues that the AJ failed to "provide the parties with the opportunity to submit" the necessary evidence to meet these burdens. *Id.* We agree with McCurry that the timing of the AJ's notice is troublesome, at least for pro se petitioners such as McCurry. The AJ informed the parties of their burdens under USERRA and *Sheehan* during the February 20 prehearing conference. The AJ also included the same instructions in the February 21 order detailing the topics discussed during the prehearing conference. Thus, notice was provided only four days before the February 25 hearing and after discovery deadlines had passed. On the same day that the AJ informed

McCurry of her burdens under USERRA and *Sheehan*, the AJ also appeared to require McCurry to identify all witnesses and exhibits she would present during the hearing. This rendered the substantive value of the AJ's notification almost meaningless.

Regardless of the problematic nature of the timing of the AJ's notice, we nevertheless conclude that the Board properly upheld the AJ's denial of McCurry's request for corrective action. The AJ eventually allowed the parties to submit evidence and objections until the February 25 hearing, notwithstanding any deadlines in prior discovery orders. This curative approach somewhat mitigates any prejudice that transpired due to USERRA and *Sheehan* notice occurring after the close of discovery. Although the AJ rejected some evidence proffered by McCurry during the prehearing conference, the AJ rejected that evidence because it was duplicative with exhibits already in the record. The only other indication in the record that the AJ rejected evidence introduced by McCurry involved evidence received on March 3, 2014, *after* the AJ closed the record following the February 25 hearing. *See* 5 C.F.R. § 1201.58 (2014) ("When there is a hearing, the record ordinarily will close at the conclusion of the hearing. When the judge allows the parties to submit argument, briefs, or documents previously identified for introduction into evidence, however, the record will remain open for as much time as the judge grants for that purpose."). And the AJ determined that this evidence introduced post-hearing was not new and material evidence unavailable prior to the close of the record. The AJ thus acted within his discretion by refusing to consider the March 3 evidence.

Despite the opportunity to explain both to the Board and this court what evidence she would have proffered or what discovery she would have conducted if provided with notice of her burdens at a more appropriate time, McCurry points to nothing demonstrating that the AJ's lack of

timely notice prejudiced her.  This failure to demonstrate *any* prejudice is especially relevant in light of the AJ's decision to keep the record open through the hearing and to consider her post-hearing evidentiary submissions. McCurry thus fails to demonstrate that either the timing of the February 20 instructions or the exclusion of any of the proposed evidence prejudiced her sufficiently to warrant remand.  *See Abrams v. Dep't of Veterans Affairs*, 306 F. App'x 602, 604–05 (Fed. Cir. 2009).  We therefore hold that the AJ allowed McCurry to submit evidence and objections sufficient to meet her burden under USERRA and *Sheehan*, and that McCurry failed to demonstrate any prejudice due to the timing of the USERRA and *Sheehan* notice.

We also conclude that McCurry's reliance on 5 C.F.R. § 1201.51 is inapposite.  Section 1201.51(a) states that "[t]he hearing will be scheduled not earlier than 15 days after the date of the hearing notice unless the parties agree to an earlier date."  McCurry does not argue that the Board erred by setting the hearing for less than 15 days after the date she received a hearing notice; she instead argues that the Board erred by having the hearing within 4 days of when she received notice of her burden under USERRA and *Sheehan*.  These are two different notices, and 5 C.F.R. § 1201.51(a) does not address the timing of notice of a party's burden under USERRA and *Sheehan* with regard to the date of the hearing.

We further hold that the Board appropriately found that it did not have jurisdiction over McCurry's non-USERRA racial and age discrimination claims.  McCurry points to 5 U.S.C. §§ 1214(a)(3), 1221(a) in support of the Board's jurisdiction over her claims.  Section 1221(a) permits an employee to seek corrective action from the Board "as a result of a prohibited personnel practice described in § 2302(b)(8) or § 2302(b)(9)(A)(i)."  Section 1214(a)(3) further describes when an employee can seek

corrective action from the Board under 5 U.S.C. § 1221(a).
Similar to § 1221, an employee may only seek corrective
action pursuant to § 1214(a)(3) "for a prohibited person-
nel practice described in § 2302(b)(8) or § 2302(b)(9)(A)(i) .
. . ." Sections 2302(b)(8) and (b)(9), however, involve
personnel actions taken in response to whistleblowing
activities, and McCurry does not present any whistleblow-
ing allegations. Sections 1214(a)(3) or 1221(a), therefore,
cannot justify the Board's jurisdiction over her non-
USERRA claims. And, as we have previously noted, "the
Board does not have jurisdiction under USERRA to adju-
dicate claims unrelated to discrimination against a peti-
tioner based on military status," and the petitioner must
identify a separate statutory source for the Board's juris-
diction over the non-USERRA discrimination claims.
*Swidecki v. Dep't of Commerce*, 431 F. App'x 900, 903
(Fed. Cir. 2011); *Metzenbaum v. Dep't of Justice*, 89
M.S.P.R. 285, ¶ 15 (2001); *cf. Kloeckner v. Solis*, 568 U.S.
___, 133 S. Ct. 596, 603-04 (2012) (holding that a federal
employee who claims that an agency violated one of the
antidiscrimination statutes listed in 5 U.S.C. § 7702(a)(1)
should seek judicial review in district court, not the
Federal Circuit, even though the action was appealable to
the Board); *Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d
1111, 1119–20 (Fed. Cir. 2013) (holding that, even in light
of *Kloeckner*, the Federal Circuit retains jurisdiction over
appeals from Board decisions dismissing a discriminatory
conduct claim for lack of jurisdiction).

Finally, we hold that the Board did not err by failing
to consider McCurry's arguments made in her petition for
review. McCurry claims that the Board "simply ignored"
her explanations as to why the AJ's factual determina-
tions were incorrect on certain points. The Board, howev-
er, carefully reviewed the AJ's analysis of the evidence
presented. *Final Decision*, at *9–12. And as the Board
correctly noted, many of the AJ's conclusions derived from
credibility determinations and observations of the de-

meanor of witnesses. The Board must give such determinations significant deference. *Haebe v. Dep't of Justice*, 288 F.3d 1288, 1300–01 (Fed. Cir. 2002). The Board therefore carefully reviewed the evidence considered by the AJ, including the AJ's justifications for excluding some proffered evidence, and affirmed the AJ's determination. On this basis, the Board did not err in its review of McCurry's petition for review.

## CONCLUSION

Because the AJ informed McCurry of her burden of proof under USERRA and allowed her to present evidence sufficient to meet that burden, and because the Board fully considered McCurry's arguments made in her petition for review, we affirm the Board's decision denying McCurry's request for corrective action pursuant to USERRA. And because the Board correctly determined that its jurisdiction under USERRA did not extend to McCurry's claims for discrimination on bases other than military status, we affirm the Board's dismissal of McCurry's non-USERRA claims for want of jurisdiction.

## **AFFIRMED**

## COSTS

No costs.