NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GILBERT AGUIRRE,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2024-1349

---

Petition for review of the Merit Systems Protection Board in No. SF-4324-22-0026-I-1.

---

Decided: October 24, 2024

---

GILBERT AGUIRRE, Sacramento, CA, pro se.

BRITTNEY M. WELCH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before HUGHES, LINN, and STARK, *Circuit Judges.*

PER CURIAM.

Gilbert Aguirre appeals the Merit Systems Protection Board's final order, which denied Mr. Aguirre's request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994. Because the Merit Systems Protection Board's decision was in accordance with the law and supported by substantial evidence, we affirm.

I

Mr. Aguirre served in combat in the U.S. Air Force from January 2005 until May 2010. Mr. Aguirre is considered "a disabled veteran, in part based on post-traumatic stress disorder (PTSD)" that resulted from his service. *See* S.A. 14.[1]

In July 2020, the Defense Logistics Agency (DLA) appointed Mr. Aguirre to "the competitive service position of Police Officer." *Id.* At the time, Mr. Aguirre's position had a two-year probationary period. During this probationary period, on September 28, 2020, Mr. Aguirre received written counseling for "a lack of professionalism when conducting [himself] . . . which caused [another DLA] employee to feel uncomfortable . . . [and] notif[y] their supervisor." S.A. 18; *see also* S.A. 53 (Form 8). Approximately a year later, on August 25, 2021, Mr. Aguirre was issued "a Letter of Instruction for Restriction on Leave Use," because the agency believed Mr. Aguirre was "inappropriately trying to use sick leave for matters like car trouble instead of using annual leave." S.A. 19–20. Then, on September 9, 2021, Mr. Aguirre was arrested for driving under the influence (DUI). S.A. 14; *see also* S.A. 54–55 (arrest report). During the arrest, Mr. Aguirre allegedly "placed [his] DLA Police Credentials face-up on the passenger seat, between [himself] and the

---

[1] "S.A." refers to the supplemental appendix submitted in connection with the Respondent's informal brief.

[police] Officer," which the agency viewed as "impl[ying] a request for leniency." S.A. 57; *see also* S.A. 21. After the DUI arrest, Mr. Aguirre did not have a valid driver's license and could therefore not complete a required 12-week training course.

The agency terminated Mr. Aguirre on September 20, 2021, and the notice of termination cited the DUI and "a pattern of poor judgment and decision making." S.A. 14; *see also* S.A. 57–59 (notice of termination). The notice of termination also referenced Mr. Aguirre's receipt of written counseling for his inappropriate conduct and his placement on a leave restriction. S.A. 14–15; *see also* S.A. 57. Mr. Aguirre challenged the notice of termination. S.A. 60–66. His complaint alleged that "the agency discriminated against him in violation of USERRA [(Uniformed Services Employment and Reemployment Rights Act of 1994)] on the basis of his combat veteran status." S.A. 15; *see also* S.A. 93. The assigned administrative judge reviewed Mr. Aguirre's pleadings and concluded that Mr. Aguirre "sufficiently alleged jurisdiction over [his] appeal as a claim under [USERRA]." S.A. 86 (preliminary status conference order).

After a hearing on March 9 and 10, 2022, the administrative judge denied Mr. Aguirre's request for corrective action under USERRA. S.A. 13–14. For each charge that the administrative judge found was a covered action under USERRA, the administrative judge applied the factors set out in *Sheehan v. Dep't of the Navy*, 240 F.3d 1009 (Fed. Cir. 2001).[2] S.A. 27–35. On the first *Sheehan*

---

[2]    The four *Sheehan* factors allow an employee to prove the agency acted with discriminatory motivation where there is only circumstantial evidence. *See, e.g., Jones v. Dep't of Health & Hum. Servs.*, 834 F.3d 1361, 1367 (Fed. Cir. 2016). Among other factors, the MSPB considers:

factor, the administrative judge found that roughly 10 years had passed between Mr. Aguirre's discharge and any of the three covered actions. S.A. 27, 32, 34. On the second factor, the administrative judge found there were no inconsistencies between the agency's proffered reasons and its other actions. S.A. 28–29,[3] 32, 34. On the third factor, the administrative judge found Mr. Aguirre's supervisors were unaware of his veteran status and that the evidence indicated there was no hostility towards Mr. Aguirre. S.A. 27–28, 34. On the fourth factor, the administrative judge concluded Mr. Aguirre was not treated differently than other employees of his same probationary status who had committed similar offenses. S.A. 29–32, 33–35.

Mr. Aguirre petitioned for review of the administrative judge's initial decision. The Board, in its final order, concluded that the administrative judge had made several erroneous findings of fact but nonetheless denied Mr. Aguirre's petition for review and affirmed the administrative judge's decision. First, the Board concluded that "the administrative judge erred in finding that

---

[1] [the] proximity in time between the employee's military activity and the adverse employment action, [2] inconsistencies between the proffered reason and other actions of the employer, [3] an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and [4] disparate treatment of certain employees compared to other employees with similar work records or offenses.

*Sheehan*, 240 F.3d at 1014 (alterations added).

[3]    We note that the administrative judge erroneously referred to the second *Sheehan* factor as the third *Sheehan* factor. *See* S.A. 28–29 ("Nor is there inconsistency in the proffered reason for issuing the Form 8 and other actions, which is the third *Sheehan* factor.").

[Mr. Aguirre's] managers were unaware of [Mr. Aguirre's] status as a veteran" because of "his approved use of disabled veteran leave and testimony from his managers about his use of such leave" S.A. 1. Even so, the Board held that "there was no indication [Mr. Aguirre's managers] knew of the fact of his combat service, which was the basis for [his] USERRA claim." S.A. 1. Second, the Board concluded that the administrative judge erred by citing a prior DUI that Mr. Aguirre allegedly did not disclose to DLA. S.A. 2 (citing S.A. 14 n.1). The Board found that this error was harmless, however, because "there [was] no indication that the administrative judge relied on the finding to conclude that [Mr. Aguirre] failed to meet his burden of showing that his military service was a substantial or motivating factor in his termination or any other agency action." S.A. 2. The Board also rejected Mr. Aguirre's argument that there was an abuse of discretion when the administrative judge declined to certify an interlocutory appeal. S.A. 2.

Mr. Aguirre appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Perlick v. Dep't of Veterans Affs.*, 104 F.4th 1326, 1329 (Fed. Cir. 2024).

## III

The Respondent, Department of Defense (government), initially argued in its brief filed April 1, 2024, that we lack jurisdiction over Mr. Aguirre's appeal because it was untimely filed. *See* Respondent's Informal Br. 6–7. The Board issued its final decision on November 6, 2023. S.A. 1. Under 5 U.S.C. § 7703(b)(1)(A), Mr. Aguirre had until

January 5, 2024—which was 60 days from the issuance of the final decision—to petition this court for review of the Board's decision. Mr. Aguirre's petition for review was received by this court on January 8, 2024. ECF No. 1 ("Received: 01/08/2024."). The government contended that this untimeliness requires dismissal.

But during the pendency of this appeal, the Supreme Court decided *Harrow v. Department of Defense* and held that the 60-day time limit to petition this court for review of a final Board decision is not jurisdictional. 601 U.S. 480, 482 (2024). The government then filed a memorandum in lieu of oral argument. ECF No. 33 at 1 (Respondent's Mem. in Lieu of Oral Arg). In this memorandum, the government withdrew its argument that Mr. Aguirre's petition should be dismissed for lack of jurisdiction, in view of *Harrow*. *Id.* at 1.

The government also argued, for the first time, that the 60-day deadline under 5 U.S.C. § 7703(b)(1)(A) is still mandatory and thus not subject to equitable tolling. *Id.* at 2. We find that the government forfeited this argument by failing to raise it in its informal response brief. Although we may reach forfeited arguments on appeal, we decline to address the government's argument here.

Because the government no longer challenges this court's jurisdiction over this appeal, and we likewise do not identify any unfulfilled jurisdictional requirement, we address this appeal on the merits.

IV

Mr. Aguirre contends that the Board erred in several respects. We address each argument in turn.

First, Mr. Aguirre contends that the Board should not have allowed the DLA to provide documentation related to the DUI arrest. We find no error in the Board's conclusion that this error was harmless because there was no sign that the administrative judge relied on the arrest records

in determining whether the DLA discriminated against Mr. Aguirre based on his combat veteran status. S.A. 2.

Second, Mr. Aguirre argues that the administrative judge erred in denying his motions to compel testimony and documents related to his combat military service. Mr. Aguirre, however, has not shown that the decision of the administrative judge was an abuse of discretion, so the Board's decision must be sustained.

Third, Mr. Aguirre alleges that the Board "rush[ed] to close [Mr. Aguirre's] case" and did not apply the appropriate legal doctrine. Petitioner's Informal Br. 5. After reviewing the administrative judge's and the Board's decisions, we conclude that the appropriate legal doctrine under USERRA was followed. The administrative judge applied the factors set out in *Sheehan* and Mr. Aguirre has not shown an abuse of discretion.

Fourth, Mr. Aguirre cites several other sources of law that he argues should be applied to his case. Mr. Aguirre cites to 5 C.F.R. § 1201.115(e), which contains the criteria for grant of a petition or cross-petition for review by the Board, and broadly argues that the Board should have applied it in his favor. We do not discern any error with the Board's application of § 1201.115(e). Mr. Aguirre also cites the Family and Medical Leave Act and the Americans with Disabilities Act, but the Board does not have jurisdiction under USERRA to adjudicate claims unrelated to discrimination based on military status. *Swidecki v. Dep't of Com.*, 431 F. App'x 900, 903 (Fed. Cir. 2011).

Additionally, Mr. Aguirre cites to the Wounded Warriors Federal Leave Act of 2015, which provides leave to new Federal employees who are veterans with service-connected disabilities to undergo medical treatment and argues it should have been applied in his favor. Pub. L. No. 114-75, 129 Stat. 640. But the Board examined the application of the *Sheehan* factors in consideration of Mr. Aguirre's leave restriction and found that the combat military service was not a substantial or motivating factor

underlying the restriction. S.A. 1. Mr. Aguirre also cites to USERRA's antidiscrimination provisions, but the Board found he failed to show that his combat military service was a substantial or motivating factor in his termination. S.A. 1. We conclude that the Board's findings were supported by substantial evidence in both respects.

Mr. Aguirre also makes several procedural arguments. Mr. Aguirre cites *Cleveland Board of Education v. Loudermill*, which considered what pre-termination processes must be given to a public employee who can be dismissed only for cause. 470 U.S. 532, 535 (1985). Employees still in a probationary period, however, are not guaranteed the same pretermination processes that *Loudermill* sets out. *Holland v. Merit Sys. Prot. Bd.*, 796 F. App'x 1018, 1025 (Fed. Cir. 2020). Because Mr. Aguirre was in a probationary period, all that was required for termination was written notice and an effective date of action. 5 C.F.R. § 315.804. Thus, the Board did not err in determining *Loudermill* did not apply. He also cites to cases involving whistleblower protections, ex parte communications, and an employee's right to have union representation at an investigatory interview. Mr. Aguirre does not argue that he was a whistleblower, does not allege ex parte communications, and did not participate in an investigatory interview, so these cases are inapplicable. Finally, Mr. Aguirre broadly cites to the Fifth and Fourteenth Amendments; however, because he was a probationary employee, the Board did not err in not considering the specific processes set out in *Loudermill* and other due process cases.

## V

We have considered petitioners' remaining arguments and find them unpersuasive. For the reasons above, we affirm the Board's decision.

**AFFIRMED**

Costs

AGUIRRE v. DEFENSE                                          9

No costs.