# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLIAM B. JOLLEY,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF HOUSING AND<br>　URBAN DEVELOPMENT,<br>　　　　　Agency. | DOCKET NUMBERS<br>AT-3330-17-0060-I-1<br>AT-4324-17-0235-I-1[1]<br><br><br>DATE: May 20, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Alan David Tucker, Esquire, Brunswick, Georgia, for the appellant.

Sam Williams, Atlanta, Georgia, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　　　The appellant has filed petitions for review of the initial decisions, which denied his request for corrective action in connection with his Veterans Employment Opportunities Act (VEOA) appeal and dismissed for lack of

---

[1] We have joined these cases on review based on our determination that doing so would expedite their processing and would not adversely affect the interests of the parties. 5 C.F.R. § 1201.36(a)(2), (b).

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

jurisdiction his Uniformed Services Employment and Reemployment Rights Act (USERRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review as to the VEOA appeal and we therefore DENY that petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113. As to the USERRA appeal, we modify the administrative judge's dismissal of the claim for lack of jurisdiction and accept her alternative finding that, even if the appellant did establish Board jurisdiction over his appeal, he would not be entitled to corrective action.

## BACKGROUND

¶2 In 2012, the appellant, a preference-eligible veteran, retired from his position with the agency as a GS-15 Field Office Director (FOD) in Boise, Idaho. *Jolley v. Department of Housing & Urban Development*, MSPB Docket No. AT-3330-17-0060-I-1, Initial Appeal File (0060 IAF), Tab 17 at 13. On April 28, 2016, the agency advertised a GS-15 FOD position in Charleston, West Virginia, under merit promotion procedures, 16-HUD-714, *id.* at 20-26, and under the agency's delegated examining authority, 16-HUD-715-P, *id.* at 27-32. The appellant was eligible to, and did, apply under both announcements. 0060 IAF,

Tab 28 at 32. The Human Resources Specialist who reviewed the applications found that the appellant failed to provide any supporting documentation or evidence that he had 1 year of experience at the GS-14 level of difficulty and responsibility "overseeing disaster preparedness and disaster recovery," as required under both announcements, and she therefore rated him as "Not Qualified – Specialized Experience" ("NQSE"). *Id.* at 37. The agency made a selection for the position from the 16-HUD-715-P announcement. *Id.* at 44. The appellant filed a Freedom of Information Act request for information relating to the selection and, based on the review conducted in connection with that request, the agency advised the appellant that he had been erroneously disqualified for consideration for the position and that he would be afforded priority consideration for a future position at the grade 15 level in the Charleston office. 0060 IAF, Tab 1 at 17-18.

**ANALYSIS**

AT-3330-17-0060-I-1—the VEOA appeal

¶3    The appellant filed a VEOA complaint with the Department of Labor challenging his nonselection for the Charleston FOD position. 0060 IAF, Tab 1 at 14-16. The Office of the Assistant Secretary for Veterans' Employment and Training Service conducted an investigation, after which it notified the appellant of its conclusion that the evidence did not support his allegation that the agency violated his veterans' preference rights, *id.* at 11, and that he had a right to appeal to the Board, *id.*, which he did, alleging a violation of his right to compete under 5 U.S.C. § 3304(f)(1).[3]   *Id.* at 1-3. He requested a hearing, *id.* at 2, but later withdrew that request. 0060 IAF, Tab 18.

---

[3] 5 U.S.C. § 3304(f)(1) provides that preference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures.

¶4 In response to the appeal, the agency submitted evidence in which it explained that, despite having indicated that it would afford the appellant priority consideration, it did not, in fact, erroneously disqualify him from consideration for the FOD position, and that it elected to offer him priority consideration, even though it was not required legally or by policy or practice to do so. 0060 IAF, Tab 17 at 8-9, 34.

¶5 In his Order and Summary of Close of Record Conference, the administrative judge found that the appellant had established the Board's jurisdiction over his VEOA appeal. 0060 IAF, Tab 27 at 2. She afforded the parties the opportunity to submit further evidence and argument in support of their respective positions, which they did. 0060 IAF, Tabs 28-31.

¶6 Thereafter, the administrative judge issued an initial decision in which she found that the appellant failed to establish that the agency denied him the right to compete for the Charleston FOD position. 0060 IAF, Tab 32, Initial Decision (0060 ID) at 5. Specifically, the administrative judge found that the appellant was allowed to submit an application, and that it was considered, but that he was found not qualified because he failed to include specific information in his application packet demonstrating his experience overseeing emergency preparedness and recovery, a requirement under both vacancy announcements. The administrative judge further found, based on undisputed evidence submitted by the agency, that prior employment as an FOD does not automatically qualify an applicant for all FOD positions because the skill sets and job requirements vary depending on the location of the FOD position, and that the agency's decision to afford the appellant priority consideration for a future vacancy did not negate the fact that, as to the Charleston FOD position, he failed to follow the instructions in the vacancy announcements to include the required relevant experience on his résumé. *Id.* Accordingly, the administrative judge denied the appellant's request for corrective action. 0060 ID at 2, 6.

¶7     The appellant has filed a petition for review, *Jolley v. Department of Housing & Urban Development*, MSPB Docket No. AT-3330-17-0060-I-1, Petition for Review (0060 PFR) File, Tab 1, the agency has responded, 0060 PFR File, Tab 3, and the appellant has submitted a reply, 0060 PFR File, Tab 4.

¶8     As noted, subsection (f)(1) of 5 U.S.C. § 3304, "Competitive service; examinations," expressly provides preference eligibles with a right to compete for vacant positions under certain circumstances. *Boctor v. U.S. Postal Service*, 110 M.S.P.R. 580, ¶ 6 (2009). The circumstances under which such preference eligibles may not be denied the opportunity to compete are those in which the agency making the announcement will accept applications from individuals outside its own workforce. *Id.* That is the case here. As such, the issue is whether the appellant was, in fact, afforded the opportunity to compete for the position.

¶9     The VEOA does not provide that veterans will be considered eligible for positions for which they are not qualified. *Ramsey v. Office of Personnel Management*, 87 M.S.P.R. 98, ¶ 9 (2000). The right to compete under section 3304(f)(1) does not preclude an agency from eliminating a veteran or preference eligible from further consideration for a position based on his qualifications for the position. *Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 11 (2010); *cf. Montee v. Department of the Army*, 110 M.S.P.R. 271, ¶ 9 (2008) (finding that section 3304 does not exempt veterans or preference eligibles from the qualification requirements of the positions for which they may apply). Moreover, there is no requirement that the veteran or preference eligible be considered at every stage of the selection process, up to that process's final stage. Instead, it is only required that the individual be permitted to compete on the same basis as other candidates. *Harellson*, 113 M.S.P.R. 534, ¶ 11.

¶10    Here, the agency allowed the appellant to compete for the Charleston FOD position, but determined that he did not meet the qualifications. 0060 IAF,

Tab 17 at 33, Tab 28 at 42. Both vacancy announcements for the position included the following qualifications:

> For the GS-15: You must have one year of specialized experience at a level of difficulty and responsibility equivalent to the GS-14 grade level in the Federal Service. Specialized experience for this position includes:
>
> - Directing or managing housing and community or economic development programs in rural or urban communities; AND
>
> - Collaborating with elected Federal, State, and/or local official and heads of industry professional organizations regarding housing and community development issues; AND
>
> - Overseeing disaster preparedness and disaster recovery.

0060 IAF, Tabs 17 at 23, 29. The appellant's application package included a résumé which stated, regarding his prior FOD experience, that "I was responsible for the management and guidance of HUD program (sic)." *Id.* at 61. A second résumé, submitted by the appellant below along with his claim that it was the one that he provided with his application, 0060 IAF, Tab 18 at 3 n.6, adds that "I conducted briefing programs for Members of Congress and for other federal, state, and local government officials to inform and guide them with respect to HUD programs. I represented the Department to the mortgage industry; financial organizations; housing industry; the construction industry; non-profit entities; and the public at large." *Id.* at 5. Neither résumé reflects, on the appellant's part, any experience equivalent to the GS-14 level in overseeing disaster preparedness and disaster recovery.

¶11    Therefore, we agree with the administrative judge that the agency did not violate the appellant's veterans' preference rights under 5 U.S.C. § 3304(f)(1) when it considered but did not select him for the Charleston FOD positon because

he did not meet the requirements for the position.[4]  *Harellson*, [113 M.S.P.R. 534](), ¶ 11; *Clarke v. Department of the Navy*, [94 M.S.P.R. 604](), ¶ 8 (2003).

¶12        On review, the appellant disputes the qualifications of the individual who was selected for the position.  0060 PFR File, Tab 1 at 2, 5-10, Tab 4 at 11.  Such a challenge, however, is not relevant to the matter before the Board in this appeal, which is whether the appellant was afforded the right to compete for the FOD Charleston position.    Having determined that he was, we agree with the administrative judge that no further issue remains before the Board, including any challenge by the appellant to the qualifications of the selectee.[5]  0060 ID at 6 n.7.

¶13        The appellant also argues on review that the administrative judge erred in not requiring the agency to timely provide the list of candidates for 16-HUD-714 and   16-HUD-715-P   in   accordance   with   the   administrative   judge's acknowledgment order, and that this information was not "revealed" until the date the record closed.  0060 PFR File, Tab 1 at 7-8.  In the acknowledgment order, the administrative judge directed the agency to provide a narrative response to the appeal and to submit copies of all other relevant and material documents within 20 days of October 25, 2016 (by November 14, 2016).  0060 IAF, Tab 2 at 6, 9.  The agency moved to stay the filing deadline for its response, 0060 IAF, Tab 4, after which the administrative judge scheduled, and later rescheduled, a status

---

[4] Our finding in this regard is unaffected by the agency's decision to offer the appellant priority consideration for a future position.  The agency's statement in the letter to him that he had been "erroneously disqualified for consideration," 0060 IAF, Tab 17, does not constitute an admission on the agency's part in the face of contrary evidence showing that it did initially consider him, but denied him further consideration based on his failure to demonstrate the specialized experience required by the vacancy announcements.  *Harellson*, [113 M.S.P.R. 534](), ¶ 11; 0060 IAF, Tab 17 at 33, Tab 28 at 37, 42.

[5] For the same reason, we reject the appellant's claims on review that the agency committed a criminal act in violation of [18 U.S.C. § 1917](2) when it "falsely . . . report[ed] on the examination" of the selectee in reviewing her résumé, 0060 PFR File, Tab 1 at 5, and that it violated [5 U.S.C. § 3317](a) when it made a selection based on a certificate of eligibles that included fewer than three names, *id.* at 3-4.

conference. 0060 IAF, Tabs 12, 15. During that conference, the administrative judge directed the agency to submit its response to the appeal no later than February 8, 2017. 0060 IAF, Tab 16 at 2. The agency filed a submission on February 9, 2017. 0060 IAF, Tab 17. During a subsequent telephonic prehearing conference when the appellant withdrew his request for a hearing, 0060 IAF, Tab 18 at 3, the administrative judge set May 17, 2017, as the date the record would close. 0060 IAF, Tab 23. The agency requested an extension of that date until May 19, 2017, 0060 IAF, Tab 26, and the administrative judge granted the request, 0060 IAF, Tab 27. She also directed the agency to respond to certain specific issues. *Id.* at 3. The agency made its final submission, including the two lists of candidates, on May 19, 2017. 0060 IAF, Tab 28. Based on that submission, and after the record had closed, the appellant submitted additional evidence related to the qualifications of the selectee. 0060 IAF, Tabs 30-31.

¶14 When the appellant waives his right to a hearing, the record closes on the date the administrative judge sets as the final date for the receipt or filing of submissions of the parties and, once the record closes, additional evidence or argument will ordinarily not be accepted unless, as in this case, it is in rebuttal to new evidence or argument submitted by the other party just before the record closed. 5 C.F.R. § 1201.59(b), (c)(2). Here, the administrative judge considered the evidence and argument submitted by the appellant in this regard, but found that it did not impact the outcome of the appeal, 0060 ID at 6 n.7, and, as set forth above, we agree with the administrative judge that the qualifications of the selectee are not relevant to the dispositive issue in this appeal. Under these circumstances, we find that the appellant has not shown that the administrative judge erred or otherwise abused her discretion regarding the close of the record in this appeal.

AT-4324-17-0235-I-1—the USERRA appeal

¶15 During adjudication of his VEOA appeal, the appellant raised a claim under USERRA of discrimination based on his performance of duty in the uniformed

service in connection with his nonselection for the Charleston FOD position. 0060 IAF, Tab 1 at 3. The appellant also claimed that, in not selecting him for that position, the agency retaliated against him for pursuing his rights under USERRA. 0060 IAF, Tab 9. On that basis, the administrative judge docketed a separate USERRA appeal, *Jolley v. Department of Housing & Urban Development*, MSPB Docket No. AT-4324-17-0235-I-1, Initial Appeal File (0235 IAF), Tab 2, and set out for the appellant his burdens to establish Board jurisdiction over such an appeal and to prevail on the merits. 0235 IAF, Tab 3. Because the appellant did not request a hearing, the administrative judge set a date for the record to close, 0235 IAF, Tabs 12-13.

¶16　　In an initial decision based on the written record, the administrative judge found that the appellant nonfrivolously alleged, and that the agency did not dispute, that he performed military service in the U.S. Air Force from March 1950, to December 1959, and served in the Korean War, and that he applied, but was not selected, for the position of Charleston FOD. 00235 IAF, Tab 17, Initial Decision (0235 ID) at 4. She found, however, that the appellant failed to nonfrivolously allege that the agency's failure to select him was due to his performance of a duty in the uniformed service. 0235 ID at 4-5. Accordingly, she dismissed the USERRA appeal for lack of jurisdiction. 0235 ID at 2, 5.

¶17　　The appellant has filed a petition for review, *Jolley v. Department of Housing & Urban Development*, MSPB Docket No. AT-4324-17-0235-I-1, Petition for Review (0235 PFR) File, Tab 1, the agency has responded, 0235 PFR File, Tab 3, and the appellant has submitted a reply, 0235 PFR File, Tab 4.

¶18　　On review, the appellant disputes the administrative judge's ruling below docketing as a separate appeal his claim that the agency discriminated against him in violation of USERRA when it did not select him for the Charleston FOD position. 0235 PFR File, Tab 1 at 1-2; 0060 IAF, Tab 16. The administrative judge correctly determined that the Board lacks jurisdiction under VEOA to consider the appellant's discrimination claim, *Slater v. U.S. Postal Service*,

112 M.S.P.R. 28, ¶ 6 (2009), but that the appellant's discrimination claim merited consideration as a potential appeal under USERRA. The appellant has failed to show that the administrative judge erred or otherwise abused her discretion in adjudicating his USERRA appeal separately from his VEOA appeal.

¶19     To establish jurisdiction under 38 U.S.C. § 4311(a)[6] of the USERRA statute, an appellant must allege that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Williams v. Department of the Treasury*, 110 M.S.P.R. 191, ¶ 8 (2008). The agency has not challenged the administrative judge's finding that the appellant nonfrivolously alleged that he satisfied the first two prongs set forth above, 0235 ID at 4, and we discern no basis upon which to disturb that finding. However, bearing in mind that claims of discrimination under USERRA are to be broadly and liberally construed in determining whether they are nonfrivolous, *Williams*, 110 M.S.P.R. 191, ¶ 8, we find that the appellant also nonfrivolously alleged that his nonselection was due to his performance of duty in the uniformed service. Specifically, he alleged that the agency hired a nonveteran instead of him, 0235 IAF, Tab 7, and that that is sufficient to constitute a nonfrivolous allegation of discrimination sufficient to establish USERRA jurisdiction. *See, e.g.*, *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶¶ 2, 6 (2007).

---

[6] Under 38 U.S.C. § 4311(b), an employer may not retaliate against an individual for pursuing or assisting another individual in pursuing his USERRA rights. As noted above, the appellant originally raised such a claim in this appeal. 0235 IAF, Tab 1 at 4, 14. Although the administrative judge provided him with information regarding how to establish Board jurisdiction and how to prevail on the merits of such a claim, 0235 IAF, Tab 3, the appellant did not further address it, and the administrative judge did not, in her initial decision, analyze the claim under 38 U.S.C. § 4311(b). 0235 ID. Because the appellant has not challenged the initial decision in this regard in his petition for review, we have not addressed it.

¶20    Nonetheless, we agree with the administrative judge's alternative finding, 0235 ID at 5 n.5, that, even if the appellant did establish Board jurisdiction, he failed to prove that his military service was a substantial or motivating factor in his nonselection because he did not dispute the agency's evidence that he failed in his application to include evidence that he possessed specific, specialized experience overseeing disaster preparedness and recovery as required by the vacancy announcements and that, as a result, he was deemed not qualified for the position. *Heckman v. Department of the Interior*, 109 M.S.P.R. 133, ¶ 26 (2008), *overruled on other grounds by Garcia v. Department of Agriculture*, 110 M.S.P.R. 371 (2009); 0235 ID at 5. We therefore find that the proper disposition of this USERRA appeal is to deny the appellant's request for corrective action.

¶21    On review, the appellant refers to the statement in the agency's letter to him stating that he had been "erroneously disqualified for consideration" and that he would therefore be offered priority consideration for a future FOD vacancy at Charleston. 0235 PFR File, Tab 1 at 1; 0060 IAF, Tab 17. As noted, in the appellant's VEOA appeal, we found that that statement did not constitute an admission of wrongdoing on the agency's part in the face of contrary evidence showing that it did initially consider the appellant for the position, but denied him further consideration based on his failure to demonstrate the specialized experience required by the vacancy announcements. Similarly, we find here that the agency's letter in no way establishes that the appellant's military service was a substantial or motivating factor in his nonselection in the face of evidence showing that he did not, in fact, meet the requirements for the position.

¶22    The appellant also argues on review that the agency's use of dual announcements violated his rights under USERRA. 0235 PFR File, Tab 1 at 2. However, our reviewing court specifically found to the contrary in one of the

appellant's previous USERRA cases. *Jolley v. Department of Housing & Urban Development*, 299 F. App'x 966, 968 (Fed. Cir. 2008).[7]

¶23    In his petition for review, the appellant refers to other USERRA/VEOA appeals he has filed, going back to 2007. 0235 PFR File, Tab 1 at 2-3. None has any bearing on the instant case. He specifically notes *Jolley v. Merit Systems Protection Board*, 636 F. App'x 567 (Fed. Cir. 2016). 0235 PFR File, Tab 1 at 4. There, the court affirmed the Board's findings that the appellant did not show that his 2010 retirement was involuntary or that the agency coerced his retirement in retaliation for protected whistleblower disclosures, *id.* at 569, but that the Board failed to address his assertion that his 2008 directed reassignment which led to his retirement was a USERRA violation. Finding the appellant's allegations in that regard sufficient to establish the Board's jurisdiction, the court remanded the case to the Board for consideration of the merits of the appellant's USERRA challenge to his directed reassignment. *Id.* at 570. According to the appellant, because the court remanded that case to the Board for consideration of his USERRA claim, "**[he] put all of those prior undecided USERRA claims in the case at hand** to try to get a decision," and the Board has ignored the Court's command. 0235 PFR File, Tab 1 at 4-5 (emphasis in original). The matter that is the subject of the court's remand decision is currently pending before the Board. *Jolley v. Department of Housing & Urban Development*, MSPB Docket Nos. SF-0752-13-0583-M-1, SF-0752-14-0286-M-1. However, nothing in the court's decision provides the Board a basis to review any of the appellant's other prior appeals.

¶24    On review, the appellant argues that the administrative judge improperly relied on the Board's decision in *Kitlinski v. Department of Justice*, 123 M.S.P.R. 41 (2015), *aff'd in part*, *vacated in part*, *and remanded*, *Kitlinski v. Department of Justice*, 857 F.3d 1374, 1382 (Fed. Cir. 2017). The administrative judge cited

---

[7] The Board may follow nonprecedential decisions of the U.S. Court of Appeals for the Federal Circuit to the extent, as here, that it finds them to be persuasive. *Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 11 (2010).

*Kitlinski* as support for the appellant's jurisdictional burden of proof in a USERRA appeal. 0235 ID at 2. According to the appellant, the administrative judge erred in citing *Kitlinski* as precedential because it was decided by only two Board members. 0235 PFR File, Tab 1 at 4. The court considered, but rejected, this claim in its decision on the appellant's case, cited above. There, the court found that the Board has statutory authority to prescribe such regulations as may be necessary for the performance of its functions, and that that grant of authority covers 5 C.F.R. § 1200.3, the regulation allowing the continuing function of the Board with two members when one seat is unfilled. *Jolley*, 636 F. App'x at 570; *Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 8 (2010).[8]

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision in MSPB Docket No. AT-3330-17-0060-I-1. 5 U.S.C. § 7703(a)(1). The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in MSPB Docket No. AT-4324-17-0235-I-1. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of

---

[8] The appellant also argues on review that the administrative judge erred in not requiring the agency to timely provide certain evidence relating to his VEOA claim in accordance with her acknowledgment order. 0235 PFR File, Tab 1 at 5. We have addressed that claim in our analysis of the appellant's VEOA appeal; it has no bearing on this USERRA appeal.

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must <u>receive</u> your

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                            /s/ for
                                   _____
                                   Jennifer Everling
                                   Acting Clerk of the Board
Washington, D.C.